Hillsborough,
No. 4340.

WILLIAM J. RIVARD *v.* FRED D. ROSS & *a.*

Argued October 6, 1954.

Decided December 15, 1954.

*J. Francis Roche* (by brief and orally), for the plaintiff.

*Willoughby A. Colby* (by brief and orally), for the defendants.

LAMPRON, J.   Plaintiff's title to these premises must rest on the

validity of the tax sale thereof made by the tax collector for the city of Manchester on September 15, 1950, for unpaid taxes thereon for the year 1949. His authority and power to thus sell these premises the tax collector must find in the statutes for "collectors have no power to sell land except in pursuance of the provisions contained in the statute." *Cahoon* v. *Coe,* 57 N. H. 556, 571; *Perham* v. *Fibre Co.,* 64 N. H. 485; Black, Tax Titles (2d *ed.*) *s.* 154; Blackwell, Tax Titles (5th *ed.*) 117. "And in all such cases the law requires that every prerequisite to the exercise of the power must precede its exercise . . . or his act will not be sustained." *Cahoon* v. *Coe, supra,* 569; *Salem* v. *Sperber,* 88 N. H. 374.

Where the requirements of the statute have for their object the giving of notice so that a taxpayer may have an opportunity to pay his taxes and save his land those provisions cannot be deemed directory merely or declared non-essential. *Weeks* v. *Waldron,* 64 N. H. 149. R. L., *c.* 77, *s.* 9 and *c.* 80, *s.* 19, being in our opinion provisions of this type, must be complied with and a sale made without such compliance is necessarily invalid. *Weeks* v. *Waldron, supra; Greeley* v. *Beckman,* 75 N. H. 413; *Salem* v. *Sperber, supra; Tris* v. *Adams,* 96 N. H. 387.

Section 9 of chapter 77 (as amended by Laws 1947, *c.* 221), provides that "The collector shall, on or before September first, or within thirty days after the receipt of such list [of taxes assessed on real estate] send to every person taxed, or his agent, if known, a bill of his taxes." Section 19 of chapter 80 (as amended by Laws 1945, *c.* 98), provides that the tax collector "shall also, at the same time [as he posts advertisements of the tax sale] send a like notice [giving certain specified information] by registered mail to the last known post office address of the owner or of the person against whom the tax was assessed."

In an attempt to comply with the requirements of section 9 the tax collector deposited in the post office at Manchester a letter containing a bill for the 1949 taxes with the name Fred D. Ross on it but without any post office address. It was returned to him. As to the notice of sale required by section 19 he enclosed it in a registered letter deposited at the same post office addressed in the same manner. It also was returned.

It is true that if instead of sending an agent to secure the transfers at the registry of deeds the assessors relied on the information required to be supplied them by the register of deeds

under the provisions of R. L., *c.* 49, *s.* 13, they would not receive the information as to the city in which the grantee resided. However a telephone call to the grantor, Consolidated, as was made by the plaintiff after he received his deed or the simple expedient of their agent noting the residence of the grantee as recorded in the deed would have supplied this information. It seems to us that if said sections 9 and 19 are designed to give a taxpayer an opportunity to pay his taxes so as not to have his property subjected to a tax sale for nonpayment or advise him of such a pending sale, as we say the Legislature intended, then the taxing authorities must give these notices in a manner that will make it reasonably probable that the taxpayer will receive them. See *Mouldings Division of Thompson Ind.* v. *Review Board,* (Ind. App.) 106 N. E. (2d) 402, 404; *Conner* v. *Miller,* 154 Ohio St. 313; 5 Am. Jur. 831, *s.* 591.

In our opinion the procedure followed in this case did not meet that standard. The tax sale held September 15, 1950, was therefore invalid and the Court's decree setting it aside and declaring void the deed of the tax collector to the city and that of the city to the plaintiff upon the repayment by Ross to the latter of the taxes paid by him plus interest was proper.

We are also of the opinion that the Court could, under the authority granted it by R. L., *c.* 371, *s.* 5 and *c.* 80, *s.* 39 as amended by Laws 1947, *c.* 3, make such orders as justice requires and properly order Ross to pay the plaintiff "such fees and expenses of his attorney as shall be determined by this Court to be reasonable." Without detracting in the least from what we have said as to the duty imposed on city and town officials to comply with the requirements of the applicable statutes, a taxpayer, in our opinion, has some obligation to see that the taxes on his land are paid within the required time. He cannot therefore complain if under certain circumstances the Trial Court in the exercise of sound discretion orders him to reimburse the purchaser at a tax sale, which he maintains was improper, for expenses other than those made mandatory by R. L., *c.* 371, *s.* 5, as amended.

It is true as pointed out by the defendants that such an order might be construed as an invitation to litigation in which attorneys' fees and expenses are assured. We are sure that the Trial Court will take that danger into consideration when it makes orders for such reimbursements. Defendants' exception to that part of the decree is overruled. Also in view of the fact that that part of the

decree which invalidates the tax sale has been sustained the other exceptions of the defendants "are of no moment" as stated by them in their brief.

We consider now plaintiff's exceptions to the admission and exclusion of evidence and to certain findings. We see no error in the Court's exclusion of evidence as to how many pieces of taxable property there were in Manchester in 1949 offered by plaintiff as bearing on the statutory duties and responsibilities of the assessors. That is not the test. Nor was there error in admitting testimony that the land in question bought by plaintiff for $142.05 had a market value of at least $10,000. Being an equitable proceeding this evidence would be material to the Court in determining what decree "justice requires" (Laws 1947, c. 3). See *Perham* v. *Fibre Co., supra.*

The deeds or copies thereof from Consolidated to Ross and from Ross to Consolidated being in evidence we see no error in the admission of testimony that there were no revenue stamps thereon or that there was no consideration passed between the parties when there was a recital therein that the consideration was less than $100. *Plante* v. *Wendell,* 95 N. H. 188.

The evidence as to the willingness of Consolidated to pay charges and costs assessed against the property in question was material as bearing on any order the Court might make against it as a defendant in this action. Neither do we see prejudicial error in the Court allowing the secretary of Consolidated to testify that they claimed to own the property in question in 1949 or in the technically erroneous finding that taxes for the year 1948 on said real estate were assessed to and paid by Manchester Rendering Co. when in fact they were paid by Consolidated doing business as Manchester Rendering Co.

In view of the result reached the accuracy of the Court's finding that "all the real estate sold for taxes was sold at one and the same time" at the tax sale in question has become moot.

All exceptions relied on by the parties having been disposed of, the order is

*Decree affirmed.*

All concurred.