Argued October 28, affirmed December 11, 1968, United States
Supreme Court denied certiorari April 1, 1969

## WESTERN TREE FARMS, INC., *Appellant,*
### *v.* HOOD RIVER COUNTY, *Respondent.*
### Case No. P-2208
#### 448 P. 2d 518

*William B. Wyllie,* Salem, argued the cause for appellant. With him on the brief were Rhoten, Rhoten & Speerstra, Salem.

*Carl R. Neil,* Portland, argued the cause for respondent. With him on the brief were Krause, Lindsay and Nahstoll, Portland, and John A. Jelderks, District Attorney, Hood River.

Before McALLISTER, Presiding Justice, and SLOAN, O'CONNELL, DENECKE, HOLMAN and MENGLER, Justices.

O'CONNELL, J.

Plaintiff appeals from a decree dismissing its suit to quiet title to certain real property in Hood River county.

Defendant county claims title through a sheriff's deed executed at the conclusion of a tax foreclosure proceeding instituted in 1928. Plaintiff contends that the tax foreclosure proceeding was void on the ground that the published summons in that proceeding was insufficient to give notice to the owner of the property and, therefore, the proceeding did not constitute due process of law as required by the Fourteenth Amendment of the United States Constitution.[1]

Assuming, without deciding, that the notice was not adequate to satisfy due process requirements, nevertheless plaintiff was barred from attacking the tax foreclosure proceedings by the running of the statute of limitations prescribed in ORS 312.230(1) for the reasons set out in *Hood River County v. Dabney*, 246 Or 14, 423 P2d 954 (1967).

Affirmed.

---

[1] The summons named H. W. Peterson as defendant when in fact Charles A. Meyers was at that time the owner of the property. The county had notice of Meyer's ownership because the tax rolls showed that the property belonged to C. A. Meyers.

The summons is also alleged to be defective because of failure to comply with several statutory requirements governing the issuance of such summonses.