Belknap
No. 85-266

### JAMES DODGE

v.

### TOWN OF TILTON & a.

May 12, 1986

*Normandin, Cheney & O'Neil*, of Laconia (*James F. Lafrance* on the brief and orally), for the plaintiff.

*Murphy, McLaughlin & Hemeon P.A.*, of Laconia (*Matthew J. Lahey* on the brief and orally), for the defendants Town of Tilton, Lester J. Rutherford, Maurice Bowler, and Elizabeth Davis.

*Wescott, Millham & Dyer*, of Laconia (*Peter V. Millham* on the brief and orally), for the defendant Albert A. Sprague.

BROCK, J. The plaintiff, James Dodge, brought a bill in equity against the defendants seeking: (1) to have the deed from the Town of Tilton to Albert and Patricia Sprague declared null and void; and (2) an order of the court specifically requiring the defendants to convey the property in question to the plaintiff. Following a hearing, the Trial Court (*Murphy*, J.) denied relief, and the plaintiff appealed to this court. For the reasons that follow, we affirm.

The property over which this dispute arose, six lots located on Silver Lake in Tilton, was originally taxed to Sprague Brothers, Inc. Following dissolution of the corporation in 1971, the property was taxed to the defendant Albert Sprague and his brother, Frank Sprague, as co-owners. When the 1978 tax bill was not paid in a timely manner, the tax collector posted the property in the notice of collector's sale of real estate for non-payment of taxes, and notified Albert and Frank Sprague that if they failed to pay the taxes on the property it would be sold at a tax sale. RSA 80:21 (Supp. 1985). The posting listed both Albert and Frank Sprague as co-owners of the property. In March 1979, Albert Sprague paid one-half the amount of taxes, interest, and costs owed on the property, representing his share as co-owner, RSA 80:35. Thereafter, the tax collector again posted the property for non-payment of taxes. This later posting listed only Frank Sprague as owner of the property to be sold. The report of collector's sale of real estate also listed only Frank Sprague as the owner of the property. However, the report was inconsistent in that it indicated that the "whole" property was subject to sale.

In July 1979, the tax collector sold the property to the Town of Tilton at a tax sale. RSA 80:26. In February 1982, after expiration

of the two-year period provided for owners to redeem property conveyed at a tax sale, the tax collector executed a deed of the property to the town. *See* RSA 80:32, :38 (Supp. 1985). The collector's deed listed both Albert and Frank Sprague as the previous owners of the property conveyed.

Town voters then authorized the Tilton Board of Selectmen to sell the property by public auction, by advertised sealed bids, or by any other manner as justice might require. RSA 80:42 (Supp. 1985). The selectmen advertised the property for sale by inviting sealed bids to be submitted by June 15, 1982; notified Albert and Frank Sprague that their property had been deeded to the town; and advised them that if they wanted to repurchase the property, they could arrange for a meeting with the selectmen. The invitation to bid did not indicate that anything less than the whole interest in the property was to be sold.

Albert Sprague immediately requested a meeting with the selectmen. Because a notice soliciting bids had already been printed in several newspapers, the selectmen suggested that Albert Sprague submit a bid. Bids were submitted by the plaintiff, James Dodge, in the amount of $2,600, and by Albert Sprague in the amount of $600. The selectmen opened the bids at a meeting held on June 17, 1982, but tabled any action on the bids until a future date. On December 2, 1982, the selectmen rejected both bids. The minutes of the selectmen's meeting indicated that the bidders were to be notified that all bids had been rejected, and that a letter was to be sent to Albert and Frank Sprague extending to them the opportunity to repurchase the property. James Dodge testified that he was never notified that his bid had been rejected, and no evidence was presented to the contrary.

Thereafter, Albert Sprague negotiated with the selectmen to repurchase the property for $652.86, the amount of past due taxes plus costs and expenses. On March 17, 1983, the town conveyed the property by quitclaim deed to Albert and Patricia Sprague. The plaintiff subsequently filed the petition giving rise to this appeal. After a hearing on the merits, the trial court dismissed the petition, finding that the sale to Albert and Patricia Sprague was within the authority conferred on the selectmen, and that the selectmen did not, in any manner, breach their "fiduciary duty to the Town in disposing of the property in the manner and for the price ultimately determined by them to be 'as justice . . . require[d].'"

The plaintiff raises several issues on appeal: (1) whether the tax collector's deed to the Town of Tilton transferred an entire fee simple interest or a one-half ownership share; (2) whether the town was required to sell the property interest it did own to the highest

bidder; (3) whether the highest bidder is entitled to specific performance of his bid for the real estate; (4) whether the transfer of the property to Albert and Patricia Sprague was void because the authority of the selectmen to convey the property had lapsed; and (5) whether the plaintiff is entitled to legal costs and attorneys' fees.

We first address the issue of whether the tax collector's deed to the Town of Tilton, dated February 11, 1982, transferred an entire fee simple interest, a one-half ownership share, or no interest at all. The plaintiff contends that because the provisions of RSA 80:35 were not complied with, Albert Sprague's one-half interest in the property was not preserved by his partial payment of the taxes, and that, hence, the town acquired all of the property in question.

Following dissolution of Sprague Brothers, Inc. in 1971, Albert and Frank Sprague became liable for the taxes assessed on the property as tenants in common. *See Hampton v. Hampton Beach Improvement Co.*, 107 N.H. 89, 94, 218 A.2d 442, 446 (1966); 16A FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 8134, at 323 (1979). When the 1978 property taxes were not paid in a timely manner, the tax collector notified Albert and Frank that their property would be sold at a tax sale if they failed to make payment. Albert Sprague attempted to preserve his interest in the property by paying one-half of the delinquent 1978 property taxes.

RSA 80:35 provides that:

> "[e]ach person interested with others in any taxable real estate may pay his proportion of the tax assessed thereon, *provided* that his share or interest therein shall have been definitely determined and recorded in the annual invoice and in the warrant book as committed to the collector. . . ."

(Emphasis added.) The plaintiff asserts that Albert Sprague failed to preserve his one-half interest in the property because "the required definite determination of ownership interests in the real estate [was] never fulfilled," and because the prerequisite that "the part owner's proportional interest in the real estate be recorded in the annual invoice and in the warrant book was also not satisfied."

RSA 80:35 sets forth the requirements for part owners to retain their proportional ownership interest. If these requirements are not fulfilled, the proportional ownership interest is not preserved. The record in this case supports the plaintiff's contention that the requirements of RSA 80:35 were never strictly complied with. The defendant Albert Sprague does not contest this, but rather argues that technical compliance was unnecessary under the facts and circumstances of this case since both he and the tax collector believed

that his payment of one-half of the taxes would exempt his one-half of the property from sale, and the notice of sale and return of sale indicated that only Frank Sprague's real estate was being sold.

■ The defendant Sprague further argues that even assuming *arguendo* that the whole of the property was subject to sale, the transfer was invalid because he was never given proper notice of the sale as required by RSA 80:21 and :27 (Supp. 1985). *See White v. Lee*, 124 N.H. 69, 73–74, 470 A.2d 849, 852 (1983). Both the notice of and the report of collector's sale of real estate, published after Albert had paid one-half of the taxes, listed only Frank Sprague as the owner of the property being sold. However, the report indicated that the "whole" property was sold. Thus, the tax collector's records are, at best, ambiguous as to whether Albert had proper notice of the sale. Furthermore, testimony of the tax collector and Albert Sprague indicated that both believed only Frank's interest was subject to sale. Thus, we conclude, on the record before us, that Albert Sprague did not have proper notice of the sale of his interest in the property to the town. As a result, the tax collector had no authority to entertain bids on Albert's interest in the property. *See Rivard v. Ross*, 99 N.H. 299, 109 A.2d 857 (1954); *Savings Bank v. Alger*, 66 N.H. 414, 29 A. 407 (1891). We hold that the tax collector had authority to sell only Frank's interest in the property, and that the tax collector's deed to the town conveyed only a one-half interest.

■ The next question then becomes whether the town was required to sell Frank's interest in the property to the plaintiff, who was the highest bidder. We hold that it was not. The tax collector's deed to the town purported to convey an entire interest in the property in question. As noted above, however, the tax collector had the authority to convey only Frank's interest. During the bid solicitation process, the town also apparently was laboring under the misapprehension that it could convey the entire interest. Indeed, the plaintiff's bid on the property reflected his belief that he was bidding on the entire parcel. Thus, it appears that the entire tax sale procedure was flawed from the outset.

Under the circumstances of this case, we conclude that the town took appropriate action in rejecting the bids and offering Albert and Frank the opportunity to repurchase the property. By rejecting the bids, the town abandoned a procedure fraught with problems and attempted to rectify the mistakes made, by extending to Albert and Frank the opportunity to repurchase the property.

Albert believed that he had preserved his one-half interest in the property by paying one-half of the taxes. When he learned in 1982 that the tax collector had conveyed an entire interest in the property

to the town, he immediately contacted the tax collector regarding repurchasing the property deeded to the town. In addition, Albert contacted the selectmen within days after receiving a letter from them extending to him the opportunity to buy back the property.

The mere happenstance that the notice of bid solicitation appeared in the newspapers earlier than the selectmen anticipated left Albert in the precarious position of submitting a bid, with others, on the property. The selectmen's decision to reject both bids came shortly after they received a letter from Albert's attorney explaining Albert's position. We therefore conclude that the town acted appropriately in eventually conveying the property to Albert and Patricia Sprague.

The plaintiff argues alternatively that the transfer of the property to the defendants Albert and Patricia Sprague was void because the authority of the selectmen to convey the property had lapsed. The plaintiff argues that, in giving the deed to the Spragues, the selectmen failed to comply with RSA 80:42, IV (Supp. 1985). The statute provides that the authority of the selectmen to transfer property taken by tax collector's deed lasts for one year from the date of the town meeting authorizing the transfer. RSA 80:42, IV (Supp. 1985). The town allegedly voted to authorize the selectmen to convey the property in question on March 13, 1982. The deed to the defendant Spragues was dated March 17, 1983. The plaintiff contends that the selectmen failed to transfer the property within one year of the authorizing vote and that their authority to convey had therefore lapsed. We do not agree. The original authorization apparently ran from March 13, 1982 until March 13, 1983. When the town voted again in 1983 to authorize the selectmen to sell property taken by tax collector's deed, the authority to sell this property was renewed.

▮ Furthermore, the agreement between the selectmen and the Spragues was reached well before March 1983. Indeed, the defendant had paid a deposit to the selectmen in December 1982. Under the circumstances of this case, we are not persuaded that there was any lack of authority on the part of the selectmen to sell the property to Albert and Patricia Sprague.

Due to the result reached, we need not address the plaintiff's claims for specific performance or for legal costs and attorneys' fees.

*Affirmed.*

All concurred.