Public Employee Labor Relations Board
No. 91-480

APPEAL OF HINSDALE FEDERATION OF TEACHERS, NEA–NH

(New Hampshire Public Employee Labor Relations Board)

December 21, 1993

*James F. Allmendinger*, of Concord, staff attorney, NEA-New Hampshire, by brief and orally, for the Hinsdale Federation of Teachers, NEA-New Hampshire.

*Kidder & Lawson*, of Laconia (*Bradley F. Kidder* on the brief and orally), for the Hinsdale School District.

### MEMORANDUM OPINION

BROCK, C.J.   The Hinsdale School District (school district) and the Hinsdale Federation of Teachers, NEA-New Hampshire (federation) commenced negotiations for a new collective bargaining agreement (CBA) in 1989. A tentative agreement was presented to the voters in February 1990 and again in March 1990. In both cases, the voters refused to fund the cost items, and negotiations continued thereafter.

In March 1990, the federation held a meeting at which the teachers voted to limit their activities. The teachers made lists of activities that they believed they were not expressly required to perform under the terms of the prior CBA or their teaching contracts. Such activities included acting as department chairperson, advising various student clubs, and participating in other enrichment and extracurricular activities. The lists were posted in the schools, and teachers and other affected staff thereafter did not perform most, if not all, of these activities. In July 1990, a successor CBA was finally agreed to by the parties and was ratified by the school board and the federation in August 1990. Immediately after voting to ratify the new CBA, however, the federation voted to continue to "work to conscience."

The school district sought relief from the New Hampshire Public Employee Labor Relations Board (PELRB), alleging that the federation was continuing an unlawful job action and had breached the CBA. The parties agreed that the only actions at issue in this case occurred after the CBA was ratified by the federation on August 2, 1990. The PELRB found that the concerted action at issue constituted "an illegal action and a violation of RSA 273-A," and ordered the union to cease and desist from further participation therein. The federation appeals.

"[T]he legislature has vested the PELRB with initially defining and interpreting the terms and provisions of RSA chapter 273-A." *Appeal of Town of Pelham*, 124 N.H. 131, 134, 469 A.2d 1295,

1297 (1983). The PELRB also has discretion to determine whether a dispute involves a matter covered by a collective bargaining agreement. *Id.* at 134–35, 469 A.2d at 1297. The PELRB's findings of fact are deemed *prima facie* lawful and reasonable, and its order prevails in the absence of a clear showing of unreasonableness or illegality. *Appeal of Sanborn Regional School Bd.*, 133 N.H. 513, 521, 579 A.2d 282, 286 (1990); RSA 541:13. The evidence demonstrates that after its members had voted to ratify the CBA, the federation took action designed to encourage its members to refuse to undertake activities not expressly required of them by the CBA or their individual teaching contracts. We need not review each individual finding or ruling of the PELRB in order to conclude that the federation has not made a clear showing that, under the circumstances of this case, the PELRB's ultimate order to cease and desist from further participation in such action is either unreasonable or illegal. Accordingly, we affirm the decision of the PELRB.

*Affirmed.*

All concurred.