Hillsborough-southern judicial district
No. 93-836

TOWN OF HUDSON

v.

GATE CITY DEVELOPMENT CORPORATION & a.

June 9, 1995

*Donahue, McCaffrey, Tucker & Ciandella,* of Exeter (*John J. Ratigan* on the brief and orally), for the plaintiff.

*Edward P. McDuffee,* of Hollis, on the brief and orally, for the defendants.

*Judy A. Silva,* of Concord, by brief for the New Hampshire Municipal Association, as *amicus curiae.*

*Jeffrey R. Howard,* attorney general, and *V. Hummel Berghaus, IV,* of Concord (*Monica A. Ciolfi,* assistant attorney general, and *Mr. Berghaus* on the brief), for the State, as *amicus curiae.*

HORTON, J. The plaintiff, the Town of Hudson (town), appeals an order of the Superior Court (*Hollman,* J.) denying the town's petition to quiet title and granting the defendants the right of redemption for a parcel of land the town held by a tax collector's deed. We reverse.

Defendant Gate City Development Corporation (Gate City) is a dissolved corporation that was the record owner of the land at issue. The principal owners of the corporation, collectively, are defending this action. The defendants failed to pay taxes due on the land in 1965. The town purchased the land at a tax collector's sale in 1966 and recorded a tax collector's deed in 1968 for nonpayment of the 1965 taxes. In 1993, the town brought a petition to quiet title, relying upon the ten-year incontestability provision for tax deeds and sales contained in RSA 80:39 (1991). The individual defendants allege that neither they nor the defunct Gate City ever received from the town notice of the tax sale, as required by RSA 80:21 (1991), or of the tax deed, pursuant to RSA 80:77 (1991). The defendants' explanation for their failure to inquire as to the status of the land was that they lost track of it when the State dissolved Gate City in the early 1960's for nonpayment of certain filing fees, and did not realize that they still owned it.

At trial, the town was unable to prove that it had complied with the statutory notice requirements because it had destroyed relevant notice records after ten years, and because the town clerk and tax collector who were in office during that period were deceased. The destruction of these records is permitted by N.H. ADMIN. RULES, Mur 301.04(b)(6). *See* RSA 33-A:4-b (1988). The trial court found that the failure to prove notice constituted a jurisdictional defect which rendered the tax deed invalid on statutory and due process grounds, and ruled that this defect was not cured by RSA 80:39, the incontestability provision. It therefore denied the town's petition to

quiet title and ruled that the defendants could redeem the land pursuant to RSA 80:32 (Supp. 1994).

■ On appeal, the town argues that RSA 80:39 forecloses a challenge, based upon the town's failure to prove notice, to a tax deed which was recorded for more than ten years. We agree.. In *Opinion of the Justices,* 131 N.H. 644, 652, 557 A.2d 1364, 1370 (1989), we observed that "RSA 80:39 is a statute of limitation which bars suits contesting the validity of a tax sale or a collector's deed ten years after the date of record of the collector's deed." The section makes no express exception for defects of any kind, jurisdictional or otherwise:

> No action, suit or other proceeding shall be brought to contest the validity of a tax sale or any collector's deed based thereon after 10 years from the date of record of the collector's deed. This section shall apply to all collectors' deeds of record as of July 1, 1956, and to those recorded thereafter.

RSA 80:39. This incontestability provision is therefore conclusive against the alleged lack of notice here, provided the statute is itself not violative of due process. *See Saranac Land &c., Co. v. Comptroller of N.Y.,* 177 U.S. 318, 330, 331 (1900) (tax deed statute of limitations bars action to assert title provided a reasonable time is given to assert the right); *Heath v. Sears Roebuck & Co.,* 123 N.H. 512, 523, 464 A.2d 288, 294 (1983) (legislature has power to enact statute of limitations which prescribes a reasonable time within which a party may assert a right).

Where "there is a protected property interest, the due process inquiry, reduced to its core, is one of 'fundamental fairness.'" *First NH Bank v. Town of Windham,* 138 N.H. 319, 326, 639 A.2d 1089, 1094 (1994). The statutory scheme of our tax collection law, including RSA 80:39, provides a fundamentally fair procedure. *White v. Lee,* 124 N.H. 69, 76, 470 A.2d 849, 853 (1983). Various provisions of the tax collection law ensure that the rights and remedies of the landowner will not be taken away without notice adequate to satisfy due process requirements.

■ First, a tax collector's deed cannot be issued legally unless all pertinent statutory requirements, including notice, have been met. RSA 80:38-a (1991) requires that "30 days prior to executing the tax deed under RSA 80:38, the tax collector shall notify the current owner of the property or his representative or executor, by certified mail, return receipt requested, of the impending deeding." In executing the tax deed under RSA 80:38, the tax collector must covenant that "in making this conveyance I have in all things complied with the law, and that I have a good right, so far as the right may depend upon the regularity of my own proceedings, to sell and convey" the

property. These two statutes create a rebuttable presumption that there were no irregularities in the tax deeding process and that the tax collector has complied with the law, including the notice provisions of RSA 80:38-a. *See White,* 124 N.H. at 76, 470 A.2d at 853 (valid tax deed can be given only when tax collector strictly complies with mandates of tax sale statute).

■■ Second, the statutory period is triggered by the recording of the collector's deed, RSA 80:39, providing constructive notice of a town's claim to anyone interested in the land. The ten-year statute of limitations provided by RSA 80:39 is a reasonable period for an owner to react to the constructive notice and to discover any defects or problems. *See Saranac Land,* 177 U.S. at 330; *Heath,* 123 N.H. at 523, 464 A.2d at 294. In *Saranac Land,* the United States Supreme Court held that a two-year period of limitation in which to challenge a tax collector's deed did not deprive the former owner of his property without due process of law in violation of the fourteenth amendment of the United States Constitution. *Saranac Land,* 177 U.S. at 330. Finding the two-year period constitutional, the Supreme Court explained that New York's statute of limitations for tax deeds

> is like any other statute of limitations. It is not affected by what the rights of the [landowner] were. Whatever they were their remedy is gone, and the title and possession of the State, whatever may have been the defects in the proceedings of which they are the consummation, cannot now be disturbed.

*Saranac Land,* 177 U.S. at 327–28.

■■ We conclude that RSA 80:39 itself stands on solid due process grounds because it provides a reasonable time for the assertion of rights and remedies and is part of a statutory scheme calculated to ensure due process requirements are met by ensuring actual and constructive notice. We hold that the ten-year incontestability provision of RSA 80:39 bars the defendants' challenges to the town's 1968 tax deed to the land in question. *Cf. Hood River County v. Western Tree Farms, Inc.,* 448 P.2d 518, 518 (Or. 1968), *cert. denied,* 394 U.S. 945 (1969) (even assuming "notice was not adequate to satisfy due process requirements, nevertheless plaintiff was barred from attacking the tax foreclosure proceedings by the running of the statute of limitations"). The trial court erred by finding that the town's failure to prove notice barred the application of RSA 80:39 and in ruling that the defendants have a right of redemption under RSA 80:32.

*Reversed.*

All concurred.