Cheshire
No. 95-520

ELAINE A. OLSON, EXECUTRIX OF THE ESTATE OF MICHAEL C. OLSON & a.

v.

TOWN OF FITZWILLIAM

October 1, 1997

*Tower, Crocker & Mullins, P.A.*, of Jaffrey (*Thomas P. Mullins* and *David M. Tower* on the brief, and *Mr. Mullins* orally), for the plaintiffs.

*Goodnow, Arwe, Ayer, Prigge and Hoppock, P.C.*, of Keene (*Joseph S. Hoppock* on the brief and orally), for the defendant.

JOHNSON, J. This appeal arises out of an action filed by Arnold R. Seppala and Michael C. Olson (plaintiffs) against the defendant, Town of Fitzwilliam (town), to set aside a tax collector's deed that transferred to the town a parcel of land owned by the plaintiffs as tenants in common. *See* RSA 80:76 (1991) (amended 1994). After this appeal was filed, Michael Olson died, and Elaine A. Olson, executrix of his estate, was substituted as a party on appeal. *See* SUP. CT. R. 29. The Superior Court (*Sullivan*, J.) ruled that the tax deed was valid against Michael Olson, but invalid with respect to Seppala. The Superior Court (*Brennan*, J.) also dismissed the plaintiffs' claim that the town's acquisition of the tract by tax deed constituted an impermissible taking under part I, article 12 of the New Hampshire Constitution. We affirm in part and reverse in part.

The Superior Court (*Sullivan*, J.) found the following facts. The plaintiffs acquired the one hundred and twenty-five acre parcel in dispute as tenants in common on October 3, 1986. During the 1986-87 tax year, the plaintiffs contracted with a lumberman to cut and remove timber from the property. In December 1987, Seppala prepared and signed a "report of cut" form, which indicated that the

proper mailing address was the plaintiffs' business address, *i.e.*, P.O. Box 59, Rindge, New Hampshire (business address). In March 1988, the town assessed a timber yield tax, *see* RSA 79:3 (1991), sending the notice to *Olson* at his *home* address and not to the business address. The plaintiffs did not pay the 1988 timber yield tax, and the town mailed a "notice of impending tax lien" to Olson's home address on March 30, 1989. The 1988 timber yield tax remained unpaid, and a tax lien was subsequently executed in May 1989 (the timber tax lien). An additional notice of the unpaid timber yield tax was sent to Olson at his home address in November 1989. Thus, the court found, and the parties do not dispute, that the town "did not send any notice [regarding the timber tax] to Mr. Seppala, at the [business address] or to any other address."

The 1989 property taxes were also not paid, and notice of an impending tax lien, *see* RSA 80:60 (1991), was mailed to both plaintiffs at their business address. The tax collector consequently executed a tax lien (1989 property tax lien) in favor of the town. *See* RSA 80:61, :64 (1991). The plaintiffs also failed to pay their 1990 property taxes. Accordingly, a notice of impending tax lien was sent to both plaintiffs at their business address, and after the plaintiffs failed to pay the tax within the thirty-day statutory period, *see* RSA 80:60, a tax lien (1990 property tax lien) in favor of the town was executed by the tax collector. *See* RSA 80:64.

The trial court found that in response to the outstanding property tax liens, Seppala issued a $7,000 check payable to the town. He sent the check to Elaine Olson, instructing her to pay the 1989 and 1990 property taxes. When Mrs. Olson tendered the check to the tax collector for the town, however, the tax collector refused to apply the funds as instructed. Instead, pursuant to a town policy to reduce the oldest outstanding tax liabilities first, the tax collector paid the 1988 timber tax and the 1989 property tax in full. The remaining funds were insufficient to pay off the entire 1990 property tax bill. The trial court found that if the funds had been applied as requested by Seppala, both the 1989 and 1990 property taxes would have been paid.

The 1990 tax lien remained unsatisfied, and the town, on April 26, 1993, sent a single notice of impending tax deed addressed to both plaintiffs at their business address. *See* RSA 80:77 (1991). Mr. Olson received the notice and failed to make any additional payments. Consequently, on June 1, 1993, the tax collector issued a tax deed conveying the parcel to the town. *See* RSA 80:76.

The plaintiffs filed a petition to set aside the tax collector's deed and to quiet title, alleging that the deed to the town was invalid

because the tax collector had misapplied funds intended to pay the 1990 property tax, and because Seppala had not received proper notice of the 1989 and 1990 property tax liens or the 1993 tax deed. They filed an amended petition further alleging that transferring the tax deed to the town constituted an improper taking. The superior court granted the defendant's motion to dismiss the takings claim. After a hearing on the merits, the superior court held that the town failed to give Seppala proper notice of the timber tax lien, and therefore, he had no obligation to pay that tax when he proffered funds intended for the 1989 and 1990 property tax liens. The court further held that as a result, the 1993 tax deed to the town was invalid against Seppala. The court found, however, that notice to Olson was sufficient, and that the tax deed remained valid against Olson. This appeal and cross-appeal followed.

*I. Notice*

We first address whether the trial court properly found that the notice to Seppala of the 1988 timber yield tax was insufficient, rendering the timber tax lien invalid. It is undisputed that written notice of this tax was sent only to Mr. Olson at his home address. "We will sustain the court's findings and rulings unless we find them to be lacking in evidentiary support or tainted by error of law." *Berube v. Belhumeur*, 139 N.H. 562, 566, 663 A.2d 598, 600 (1995).

RSA 80:60, applicable to timber tax liens, *see* RSA 79:6 (1991) (amended 1991, 1996), provides: "The collector shall give notice of the impending lien at least 30 days prior to the execution of said lien. Notice shall be sent by certified or registered mail return receipt requested, to the last known post office address of the current owner . . . ." The power and authority of a tax collector is exclusively statutory. *See, e.g., Kakris v. Montbleau*, 133 N.H. 166, 172, 575 A.2d 1293, 1296-97 (1990). The tax collector must strictly comply with the statute vesting that authority, since "in all cases of sales of real estate for non-payment of taxes every prerequisite to the exercise of the power must precede its exercise." *Salem v. Sperber*, 88 N.H. 374, 374, 189 A.2d 865, 865 (1937) (quotation omitted); *see, e.g., Rivard v. Ross*, 99 N.H. 299, 302, 109 A.2d 857, 860 (1954).

Furthermore, statutes "should be construed so as to effectuate their evident purpose." *White v. Lee*, 124 N.H. 69, 74, 470 A.2d 849, 852 (1983) (quotation omitted). "Where the requirements of the statute have for their object the giving of notice so that a taxpayer may have an opportunity to pay his taxes . . . those provisions

cannot be deemed directory . . . or declared non-essential . . . [and] must be complied with . . . ." *Rivard*, 99 N.H. at 302, 109 A.2d at 860 (citation omitted).

█ We agree with the trial court that where, as here, the names and addresses of both owners were listed on the deed to the property, notice to Seppala of the timber yield tax was statutorily insufficient, and therefore the timber tax lien is invalid against him. While the statute directs that notice must be sent to the "current owner," the essential purpose of the statute is to notify *all* named owners of an impending lien that may adversely affect their ownership rights. That statutory directive was not fulfilled when the tax collector sent notice only to Mr. Olson at his home address. *Cf. White v. Lee*, 124 N.H. at 74, 470 A.2d at 852 (notice requirement of tax sale provisions of RSA chapter 80 "must be interpreted to require that notice be sent to those *individuals* most interested in retaining the property" (emphasis added)).

The town argues that notice to Seppala was sufficient since it was "reasonably calculated, under all the circumstances, to give him actual notice of the pendency of the tax lien." The town's argument, however, is that notice provided by the tax collector was *constitutionally* adequate, *see Berube*, 139 N.H. at 567, 663 A.2d at 601, whereas we hold that the notice given did not satisfy the *statutory* mandates of RSA chapter 80. Accordingly, we affirm the trial court's finding that the tax collector failed to give proper statutory notice to Seppala of the impending timber tax lien.

## II. *1993 Tax Deed*

Both parties contest the trial court's ruling with respect to the validity of the 1993 tax deed. The trial court held that since

> notice [of the timber tax lien] was improper against Mr. Seppala, the [town] could not require Mr. Seppala to pay the yield tax when he sought to clear the 1989 and 1990 tax liens against his interest in the property. The court, however, finds notice of the yield tax was properly made against Mr. Olson. The court concludes [that the town's] 1993 tax deed is valid against Mr. Olson and invalid against Mr. Seppala.

The plaintiffs challenge this ruling to the extent that the court found as a matter of law that the tax deed is valid against Olson. We agree. The trial court found that if the town "had properly applied Mr. Seppala's $7,000.00 check to the 1989 and 1990 property taxes as requested by Mr. Seppala, rather than the 1988 yield tax, . . . the

1989 and 1990 property taxes would have been paid." This finding formed the basis for its ruling that the 1993 tax deed was invalid as to Seppala. If the 1989 and 1990 taxes had been paid, however, then the 1993 tax deed would have been invalid as to Olson as well since the 1990 taxes would have been paid, the lien extinguished, and no tax deed would have been issued. *See* RSA 80:76.

■ ■ We will not disturb the trial court's findings of fact if they are supported by the record. *See Berube*, 139 N.H. at 566, 663 A.2d at 600. Testimony of Elaine Olson and Seppala support the trial court's finding that Seppala intended to pay the 1989 and 1990 property taxes. It follows that if this fact rendered the tax deed invalid against Seppala, then the tax deed is also invalid against Olson, regardless of the notice given to Olson, because the underlying tax liability would have been paid.

■ ■ The town argues that the court erred in holding that Seppala had the right to insist that the funds be used to pay the 1989 and 1990 property tax liens and not the timber tax lien of which he had not received proper notice. We disagree. As noted above, the powers of the tax collector are purely statutory. Thus we must look to RSA chapter 80 to determine whether it vests with the tax collector the right to direct payment as he or she sees fit. Our review of the statute reveals no such grant of authority, *see* RSA chapter 80, and we will not add words, and thus bestow specific powers on the town, that the legislature did not see fit to include in the statute. *See Petition of Walker*, 138 N.H. 471, 474, 641 A.2d 1021, 1024 (1994). The statute states only that an interested party may redeem the tax lien, *see* RSA 80:69 (1991) (amended 1991), in order to avoid the issuance of a tax deed to the town. RSA 80:76. The statute does not direct the tax collector, in a case where there are multiple outstanding liens, to apply funds to the oldest tax liability first. Thus, a taxpayer may, at his or her own risk, direct payment of funds as he or she sees fit.

We have reviewed the record with respect to the town's remaining arguments and find them to be without merit and warranting no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

We reverse the trial court's ruling that, as a matter of law, the tax deed was valid as to Olson. Accordingly, we need not decide whether to adopt the rule, as suggested by the plaintiffs, that where a tax deed "is invalid against one co-owner, [it] is invalid against all co-owners." *Compare In Re Interstate Land Co.*, 43 So. 173, 175 (La. 1907) *with Ward v. Gray*, 374 A.2d 15, 17 (Del. Super. Ct. 1977).

*III. Takings*

 The plaintiffs' final argument is that issuance of a tax deed to the town without compensating the plaintiffs for the value of the property that exceeds the outstanding tax liability would constitute an unconstitutional taking under part I, article 12 of the New Hampshire Constitution and the fifth and fourteenth amendments to the Federal Constitution. We decide cases on constitutional grounds only when necessary. *See White v. Town of Wolfeboro*, 131 N.H. 1, 3, 551 A.2d 514, 515 (1988). Because we are reversing the trial court's ruling that the tax deed was valid, we decline to reach this issue.

In sum, we affirm the trial court's ruling that the town failed to give proper statutory notice to Seppala of the timber tax lien and reverse its ruling that the 1993 tax deed to the town is valid as to Olson.

*Affirmed in part; reversed in part.*

All concurred.