Public Employee Labor Relations Board
No. 96-403

APPEAL OF THE SOMERSWORTH SCHOOL DISTRICT

(New Hampshire Public Employee Labor Relations Board)

June 3, 1998

*Soule, Leslie, Kidder, Zelin, Sayward & Loughman,* of Salem (*Michael S. Elwell* on the brief and orally), for the petitioner.

*Steven R. Sacks,* of Concord, staff attorney, NEA-New Hampshire, by brief and orally, for the respondent, Somersworth Association of Educators.

JOHNSON, J. The Somersworth School District (district) appeals the ruling of the public employee labor relations board (PELRB) that it committed an unfair labor practice, *see* RSA 273-A:5, I(h) (1987), when it refused to process a grievance filed by Gary Tuttle, an employee of the district. We reverse.

Tuttle was employed as a "job coordinator" at Somersworth High School from 1990 through 1995. As job coordinator, Tuttle assisted disabled students at the high school in obtaining employment outside school and in making the transition from the school setting to the community. Tuttle's employment contract was identical to that issued to traditional classroom teachers in the district. He also received many of the same benefits as teachers covered by the collective bargaining agreement (CBA) between the district and the respondent teachers union, the Somersworth Association of Educators (union). In May 1995, Tuttle was informed that his contract would not be renewed because budgetary constraints required a reduction in the work force, and he would be terminated effective June 30, 1995.

Tuttle attempted to grieve his termination, claiming that the district failed to notify him of his termination before March 30, 1995, as required by the CBA. The district refused to process Tuttle's

grievance, claiming, *inter alia*, that he was not a member of the bargaining unit covered by the CBA. In 1974, the district and the union entered into a CBA that contained a recognition clause which defined the scope of the bargaining unit as "any individual employed by the Somersworth School District who deals directly with children in the classroom, the qualifications of whose position are such as to require him or her to hold an appropriate credential issued by the State Board of Education." The PELRB certified the union as the bargaining unit's exclusive representative in 1976, *see* RSA 273-A:8 (1977) (amended 1983), and since that time, no changes to the recognition clause were ratified by the PELRB. *See Appeal of Londonderry School Dist.*, 142 N.H. 677, 680, 707 A.2d 137, 139 (1998); RSA 273-A:8, :10 (1987). The CBA in effect in 1994 contained a modified version of the recognition clause, one that was not ratified by the PELRB. It still retained, however, the requirement that the employee be certified by the State. It stated:

> For the purpose of collective negotiations the [district] recognizes the [union] as the exclusive representative of all professional personnel except those to be classified below as administrators, whose employment shall require them to hold a professional certificate issued by the State Board of Education.

(Footnote omitted.) Consequently, the district claimed that because Tuttle was never certified by the board of education, he was excluded from the bargaining unit and was not entitled to use the grievance process under the CBA. *See* RSA 273-A:11, I(a) (1987).

In response, the union and Tuttle filed an unfair labor practice charge against the district claiming that because Tuttle had been treated like a certified teacher during his employment at Somersworth High School, the position of job coordinator should be included in the CBA. The PELRB agreed, holding that because of the district's "multi-year course of behavior towards Tuttle," it must recognize him as a member of the bargaining unit and process his grievance. The PELRB also found that the district was estopped from asserting that Tuttle was not included in the bargaining unit because the district had previously recognized Tuttle for his contributions to the "profession," which the PELRB found to be interchangeable with the term "teacher" in the CBA, and because the district had previously processed a grievance filed by Tuttle without objecting to his standing to grieve. This appeal followed.

On appeal, the district asserts that it was error for the PELRB to modify the recognition clause to include a position not required to be

certified by the State Board of Education and that the PELRB lacks subject matter jurisdiction to confer a remedy based on equitable estoppel.

We review decisions of the PELRB pursuant to RSA 541:13 (1997). *Appeal of Alton School Dist.*, 140 N.H. 303, 308, 666 A.2d 937, 940 (1995). The PELRB's factual findings are deemed *prima facie* lawful and reasonable. *Appeal of Hinsdale Fed'n of Teachers*, 138 N.H. 88, 90, 635 A.2d 480, 481 (1993). To succeed on appeal, the district must show that the PELRB erred as a matter of law or that its decision was unjust or unreasonable by a clear preponderance of the evidence. *See* RSA 541:13; *Appeal of Londonderry School Dist.*, 142 N.H. at 680, 707 A.2d at 139.

The district contends that the PELRB erred as a matter of law in finding that the parties' actions modified the recognition clause such that Tuttle was included as part of the CBA even though he was never certified and there was no requirement that his position be certified by the board of education. We agree.

Although the PELRB has the exclusive authority to certify a bargaining unit, *see* RSA 273-A:8, it must do so according to the dictates of the statute granting that authority. *Cf. Olson v. Town of Fitzwilliam*, 142 N.H. 339, 344, 702 A.2d 318, 321 (1997). RSA 273-A:8 provides only that "[t]he board . . . shall determine the appropriate bargaining unit and shall certify the exclusive representative thereof *when petitioned to do so* under RSA 273-A:10." (Emphasis added.) In this case, the PELRB never ratified any modifications to the CBA. "The composition of a bargaining unit is limited by law to those positions identified in the recognition clause at the time the original unit is certified by the PELRB and by any subsequent modifications approved by the PELRB." *Appeal of Londonderry School Dist.*, 142 N.H. at 680, 707 A.2d at 139.

Accordingly, we review *de novo* the language of the recognition clause to determine whether the bargaining unit ratified by the PELRB would include Tuttle's position. *See id.* The recognition clause, on its face, establishes a condition precedent to membership in the bargaining unit. The employee's position must be certified by the State. Tuttle fails to satisfy the condition of State certification. Tuttle is not covered by the recognition clause and thus not entitled to file a grievance under the CBA.

Although it is true that during the five years of his employment Tuttle was given the same benefits and required to perform many of the same duties as certified teachers, "[s]imilarity in compensation

between employees holding different positions is not dispositive of an employee's inclusion in a bargaining unit. Otherwise, an employer could never provide similar compensation for union and non-union positions without fear of enlarging the bargaining unit." *Id.* at 682, 707 A.2d at 140 (citations omitted).

■ Having found that Tuttle was not a member of the bargaining unit based on the express language of the recognition clause, we must now address whether it was error for the PELRB to grant Tuttle membership in the bargaining unit based on equitable estoppel. We recognize that "the PELRB has been given broad subject matter jurisdiction to determine and certify bargaining units to enforce the provisions of [RSA chapter 273-A]." *Appeal of East Derry Fire Precinct*, 137 N.H. 607, 609, 631 A.2d 918, 919 (1993) (quotation omitted); *see Appeal of SAU #21*, 126 N.H. 95, 97, 489 A.2d 112, 113 (1985). The PELRB's broad jurisdiction, however, applies only to those matters specifically encompassed within the statute. *Cf. Appeal of House Legislative Facilities Subcom.*, 141 N.H. 443, 447, 685 A.2d 910, 912 (1996) (refusing to find that legislative employees were public employees "without an explicit expression of intent" in the statute). Although the PELRB may issue cease and desist orders, *see* RSA 273-A:6, III, VI (1987 & Supp. 1997); *State Empl. Ass'n v. Board of Trustees*, 118 N.H. 466, 468-69, 388 A.2d 203, 204-05 (1978), the statute does not give it the ability to grant all equitable remedies. *See* RSA 273-A:7 (1987) (the PELRB must petition superior court for an injunction if needed to compel compliance with an order); *cf.* RSA 498:1 (1997) ("[t]he superior court shall have the powers of a court of equity" in particular cases); *Turco v. Town of Barnstead*, 136 N.H. 256, 264, 615 A.2d 1237, 1241 (1992) (determining that supreme court and superior court have equitable powers and can grant equitable remedies). As such, the PELRB loses subject matter jurisdiction over this case once it is determined that Tuttle, by virtue of his failure to satisfy the terms of the recognition clause, is not subject to the collective bargaining agreement as ratified by the PELRB. Certainly, the PELRB could have included Tuttle in the bargaining unit had a petition to modify been filed. *See* RSA 273-A:8. The legislature, however, simply did not give the PELRB the ability to utilize an equitable remedy to bring Tuttle's claim within its jurisdiction, and we will not create such authority. *See Olson*, 142 N.H. at 344, 702 A.2d at 321. Therefore, we find that it was error for the PELRB to use an equitable remedy to include Tuttle in a collective bargaining agreement which by its terms did not apply to him.

We accordingly reverse the ruling of the PELRB that the district committed an unfair labor practice.

*Reversed.*

All concurred.