Hillsborough-northern judicial district
No. 97-393

KEVIN COLLINS & a.

v.

CITY OF MANCHESTER

July 2, 1999

*Hall, Hess, Kenison, Stewart, Murphy & Brown, P.A.*, of Manchester (*Francis G. Murphy, Jr.* on the brief and orally), for the plaintiffs.

*McDonough & O'Shaughnessy, P.A.*, of Manchester (*Robert J. Meagher* on the brief and orally), for the defendant.

MEMORANDUM OPINION

JOHNSON, J. The plaintiffs, thirty-three police officers, appeal a decision of the Superior Court (*Abramson*, J.) granting a motion to dismiss for lack of jurisdiction filed by the defendant, the City of Manchester (city). We reverse and remand.

The plaintiffs alleged the following facts. Each plaintiff entered into a "Three Year Training Agreement" (training agreement), which each plaintiff executed to join the city's police department. Each training agreement provided that the city would pay "a wage during and subsequent to training as specified in [a city employee pay scale]," including step increases. The city refused to pay these step increases after the collective bargaining agreement (CBA) between the city and the police union expired on June 30, 1994. The plaintiffs contend that expiration of the CBA does not affect the city's obligation to pay the wage increase as provided under the training agreement. The plaintiffs filed suit in superior court, alleging, *inter alia*, breach of contract and violation of 42 U.S.C. § 1983 (1988). The plaintiffs claimed that the court has jurisdiction because the plaintiffs were not party to any CBA and were acting in their individual capacity, and because the claims were not based on the terms of the CBA. The union representing Manchester police officers is not a party to, nor an intervenor in, any of these proceedings.

On April 30, 1997, the superior court granted the city's motion to dismiss. The court found that the asserted claims "arise[] out of a contract dispute" and that "[a]ll of the plaintiffs are members of a collective bargaining unit which had entered into a collective bargaining agreement . . . with the City of Manchester." The court held that "the [public employee labor relations board (PELRB)] has jurisdiction of the wage dispute in the first instance" and the section

1983 claim "is in essence one for an unfair labor practice . . . [that] . . . should appropriately be heard in the first instance by the PELRB." The court concluded that "*if* the wage dispute at issue is covered by the CBA the plaintiffs are subject to the jurisdiction of the PELRB." (Emphasis added.) The court held that resolution of any conflict between the contract and the CBA required interpretation of the CBA, which is the province of the PELRB in the first instance.

■ The trial court correctly ruled that claims involving public employment disputes must be resolved before the PELRB in the first instance. *See Konefal v. Hollis/Brookline Coop. School Dist.*, 143 N.H. 256, 258-59, 723 A.2d 30, 32 (1998). "The PELRB's broad jurisdiction, however, applies only to those matters specifically encompassed within the statute." *Appeal of Somersworth School Dist.*, 142 N.H. 837, 841, 713 A.2d 386, 389 (1998). The PELRB has jurisdiction over violations of RSA 273-A:5 (1987), including breaches of collective bargaining agreements under RSA 273-A:5, I(h), *see* RSA 273-A:6 (Supp. 1998). The PELRB has jurisdiction over public employment disputes only when the employee is a member of a bargaining unit *and* the alleged violation involves "any provision of an agreement reached under this chapter," RSA 273-A:1, V, :4 (1987), in other words, a CBA. *See, e.g., Somersworth*, 142 N.H. at 840-41, 713 A.2d at 388-89; *Appeal of Londonderry School Dist.*, 142 N.H. 677, 680-81, 707 A.2d 137, 139-41 (1998).

■ Even if we assume the plaintiffs were members of the bargaining unit, *see* RSA 273-A:8 (1987), the asserted claims would *not* be based on a CBA, but on each employee's individual contract. Because the PELRB lacks jurisdiction to interpret the contracts, the trial court's exercise of jurisdiction in this case is appropriate. *See N.H. Div. of Human Services v. Allard*, 138 N.H. 604, 606-07, 644 A.2d 70, 72 (1994). Accordingly, the superior court erred in granting the city's motion to dismiss.

*Reversed.*

All concurred.