Rockingham
No. 99-355

J & N FIELDSTONE SUPPLY, INC.

v.

BHC DEVELOPMENT CORP.

BHC DEVELOPMENT CORP.

v.

TOWN OF PLAISTOW

June 14, 2001

*Cossingham Law Office, P.C.*, of North Andover, Massachusetts (*Kenneth A. Cossingham* on the brief and orally), for J & N Fieldstone Supply, Inc.

*Phillips, Gerstein, Holber & Channen*, of Haverhill, Massachusetts (*Stuart M. Holber* on the brief and orally), for BHC Development Corp.

*Sumner F. Kalman, Attorney at Law, P.C.*, of Plaistow (*Sumner F. Kalman* on the brief), for the Town of Plaistow.

*H. Bernard Waugh, Jr.*, of Concord, by brief, for the N.H. Municipal Association, as *amicus curiae.*

BROCK, C.J. BHC Development Corp. (BHC), appeals from an order of the Superior Court (*McHugh*, J.) granting summary judgment to J & N Fieldstone Supply, Inc. (J & N), and denying BHC's cross-motion for summary judgment. We reverse and remand.

This action arises out of a dispute between BHC, J & N and the Town of Plaistow (town) concerning title to 5.5 acres of land in

Plaistow. In August 1977, the town purchased the land at a tax sale held by the town's tax collector. At that time Herbert and Ruby Noel were the record owners of thirteen acres of land, which included the 5.5-acre parcel in dispute.

In affidavits filed in the superior court, the Noels assert that they never received notice of the tax sale or of the tax deed. They also assert that they made all tax payments for the entire parcel of land and that they were never notified of any outstanding balances.

After the Noels conveyed the thirteen-acre tract to a third party in September of 1977, BHC obtained title by deed from the third party on October 11, 1977. The deed describes the parcel as follows:

> A certain tract of land, with the building thereon, situated in Plaistow and containing thirteen (13) acres more or less, bounded on the West by the highway from Rock's Village to Sandown, on the North by Simeon Peaslee's heirs, on the East by land of George Denoncour, and on the South by land of Joseph Bradley.

BHC's president, in his affidavit, asserted that when BHC purchased the property in October 1977, it never received any notice that the 5.5-acre parcel had been sold at a tax sale. According to its president, BHC has occupied and continually used the thirteen-acre tract since the time of its purchase.

In 1984, the town received a tax deed, in which the 5.5-acre parcel is described as follows:

> Hoyt, Albert C. & Henry Torromeo
> 5.5 Acres      45 Old County Road
> May #31-3-15 1972 Tax Maps

The tax collector's sale of real estate report also lists Albert Hoyt and Henry Torromeo as the owners of the parcel. No town records exist that show who was provided notice of the tax sale or of the tax deed because the town destroyed all relevant records ten years after the tax deed had been recorded.

BHC submitted an affidavit by George Karambelas, a New Hampshire attorney, who examined title records at the Rockingham County Registry of Deeds. According to Karambelas, the tax sale and the tax deed for the 5.5-acre parcel are recorded outside the property's chain of title.

In June 1998, the town conveyed to J & N

> all of its right, title and interest derived from a tax deed from Stanley T. Herrick, Collector of taxes to the Town of

Plaistow, dated March 1, 1984 resulting from a tax collector's sale held August 29, 1977, being of record at the Rockingham County Registry of Deeds, Book 2561, page 2258.

In September 1998, J & N petitioned the superior court to quiet title to the 5.5-acre parcel. After BHC counterclaimed to quiet title, it petitioned the court for a declaratory judgment against the town declaring that J & N's tax deed was invalid because the town failed to provide adequate notice. After the court consolidated these actions, cross-motions for summary judgment were filed. Relying upon *Town of Hudson v. Gate City Development Corp.*, the superior court ruled that RSA 80:39 (1991) barred BHC's challenge to J & N's deed because more than ten years had passed since the tax deed was recorded. *See Town of Hudson v. Gate City Dev. Corp.*, 139 N.H. 606, 608-09 (1995).

On appeal, BHC asserts that: (1) because BHC did not receive actual or constructive notice, RSA 80:39 does not preclude it from contesting the validity of the tax sale and the tax deed; and (2) the town's failure to give actual or constructive notice to BHC violated the Due Process Clauses of the State and Federal Constitutions.

"In reviewing a grant of summary judgment, we look at the affidavits and other evidence, and all inferences properly drawn therefrom, in the light most favorable to the non-moving party." *N.E. Tel. & Tel. Co. v. City of Rochester*, 144 N.H. 118, 120 (1999) (quotation omitted). "We will affirm if the evidence reveals no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law." *Forbes Farm Partnership v. Farm Family Mut. Ins. Co.*, 146 N.H. 200, 201 (2001) (quotation omitted).

BHC asserts that because the town did not provide actual or constructive notice to current owners of the parcel either at the time of the tax sale or at the time of recording the tax deed, RSA 80:39 does not preclude BHC from contesting the validity of the tax deed. We agree.

RSA chapter 80 authorizes municipalities to sell real property on which payments of property taxes have been delinquent for a year or longer. *See* RSA 80:19 (1991) (amended 1993); RSA 80:20 (1991). In addition to public notice before a tax sale, *see* RSA 80:21 (1991), the statute also requires that the person to whom the tax is assessed be notified by registered mail at his or her "last known post-office address." RSA 80:21; *see also Coleman v. Hooksett*, 111 N.H. 337, 339 (1971). After notice is provided, the property is sold at a public auction, *see* RSA 80:20, :24 (1991), and after a two-year statutory

redemption period, the tax collector executes a deed to the property in the name of the purchaser. *See* RSA 80:32, :38, I (Supp. 2000). Before executing the deed, however, the tax collector must notify the current owner of the property by certified mail. *See* RSA 80:38-a (1991). The incontestability provision of the statute provides:

> No action, suit or other proceeding shall be brought to contest the validity of a tax sale or any collector's deed based thereon after 10 years from the date of record of the collector's deed. This section shall apply to all collectors' deeds of record as of July 1, 1956, and to those recorded thereafter.

RSA 80:39.

We have previously considered whether RSA 80:39 bars a challenge to a tax deed that has been recorded for more than ten years. In *Gate City*, after the owners of a dissolved corporation failed to pay taxes in 1965 on land they owned, the town purchased the property at a tax collector's sale in 1966 and recorded a tax deed in 1968. *See Gate City*, 139 N.H. at 607. After failing to pay their taxes, these landowners did not inquire about the status of their land because "they lost track of it." *Id.* In 1993, after the town petitioned the court to quiet title, the landowners contested the validity of the tax deed, alleging that they did not receive adequate notice of the tax sale or of the tax deed. *See id.* at 608. We ruled that RSA chapter 80 creates a rebuttable presumption that there were no irregularities in the tax deeding process and that the tax collector had complied with the law including the notice provisions. *See id.* at 608-09. We also ruled that because it provided constructive notice of the town's claim to anyone interested in the land, the recording of the collector's deed triggered the statutory period of RSA 80:39. *See id.* at 609.

Viewing the facts in the light most favorable to BHC, at the time of the tax sale, the Noels were not delinquent in paying their taxes on the 5.5-acre parcel. The record is silent as to who paid the taxes on this parcel after the tax sale. The only evidence offered by J & N and the town regarding delinquent taxes and the sale of the property is that after ten years all of the town's records had been destroyed. If all taxes on the property were paid and the landowners did not receive any notice that their taxes were delinquent, they would not be on notice that their land might be sold at a tax sale. In addition, it is undisputed that the tax sale publications and the tax deed list the wrong individuals as the record owners of the property. This is consistent with the Noels' assertions that they were never

notified of the tax sale and BHC's assertion that it was never notified of the tax deed. Finally, unlike *Gate City*, the tax deed was recorded incorrectly at the registry of deeds. Thus, even if records at the registry of deeds were examined, it would be difficult for anyone to determine whether the property had been sold at a tax sale.

Based upon the record before us, we conclude that RSA 80:39 was not properly triggered and does not bar BHC from challenging the validity of J & N's deed. This determination is consistent with our prior rulings involving notice and fundamental fairness. *See, e.g., Berube v. Belhumeur*, 139 N.H. 562, 568 (1995) (notice adequate where notice of sale listed correct record owners, described all condominium properties to be auctioned at tax sale, and sale report recorded at the registry of deeds described the land with such a description that anyone reading the notice would be alerted to the potential sale of the property).

Given our determination that RSA 80:39 does not bar BHC's challenge to J & N's deed, we need not address BHC's due process arguments. *See, e.g., Olson v. Town of Fitzwilliam*, 142 N.H. 339, 345 (1997). Other issues raised by the parties are without merit, and warrant no further discussion. *See Vogel v. Vogel*, 137 N.H. 321, 322 (1993).

*Reversed and remanded.*

BRODERICK, NADEAU, DALIANIS and DUGGAN, JJ., concurred.