Hillsborough,  } No. 3341.
June 24, 1942. }

LOUIS VOGEL *v.* BOARD OF ADJUSTMENT for the CITY OF
MANCHESTER (KATHERINA BRUNO, *Intervenor*).

*Devine & Tobin*, for the plaintiff.

*Chretien & Craig*, for the intervenor.

BRANCH, J.  The scope of an appeal from a decision of the Board of Adjustment, permitted by the zoning law (P. L., *c.* 42, §s. 61–64), determines the rights of the parties in this proceeding.  The defendants contend that the only issue raised by the appeal is whether it can "be said as a matter of law that the board of adjustment erred in denying said permit."  The plaintiff, on the other hand, contends that the statute provides for a trial *de novo*, and this was conceded to be so by defendants' counsel at the trial, although their position is now changed.

P. L., *c.* 42, *s.* 61, entitled APPEALS TO COURT, provides that "Any person aggrieved by any decision of the board of adjustment . . . may apply to the superior court, within thirty days after the action

complained of has been recorded, by a sworn petition, setting forth that such decision is illegal or unreasonable, in whole or in part, specifying the grounds upon which the same is claimed to be illegal or unreasonable." Section 62, entitled PROCEDURE, provides that "The court shall direct the record in the matter appealed from to be laid before it, hear the evidence and make such order approving, modifying or setting aside the decision appealed from as justice may require, and may make a new order as a substitute for the order of the board."

With reference to the statute of highways providing for a similar appeal, this court has said: "An appeal is a continuation of the original suit, for the purpose of obtaining a new trial and a new judgment. It is analogous in its effect to the award of a new trial, by which the previous verdict is entirely set aside, and the case is to be heard anew like an original action and as if no judgment had been rendered in the court below." *Bickford* v. *Franconia,* 73 N. H. 194, 195. To the same effect is *Boston & Maine Railroad* v. *State,* 77 N. H. 437, 438.

We think that the above language is equally applicable to the statute before us, and accordingly hold that the statute here involved confers a right of appeal, "analogous in effect to the award of a new trial by which the previous verdict is entirely set aside and the case is to be heard anew like an original action and as if no judgment had been entered in the court below."

The Board of Adjustment had authority "to authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done." P. L., *c.* 42, *s.* 60, *par.* III. The court, upon appeal, was required to determine the same questions. There was ample evidence to support its implied findings that, in this case, a variance from the terms of the ordinance will not be contrary to the public interest; that a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and that the spirit of the ordinance will be observed and substantial justice done by the granting of a permit to the plaintiff.

*Exceptions overruled.*

All concurred.