Hillsborough, } No. 3749.
July 6, 1948. }

## Elizabeth Fortuna

*v.*

## Zoning Board of Adjustment of Manchester,

### and Manchester Buick Company.

*Sullivan & Wynot (Mr. Wynot* orally), for the plaintiff.

*Warren, Wilson, Wiggin & Sundeen (Mr. Wiggin* orally), for the Manchester Buick Company.

*Henry P. Sullivan,* for the zoning board.

BRANCH, C. J. The defendant, Manchester Buick Company, owns a garage on the northerly side of Hanover Street in said Manchester, to which it proposes to build an addition. Its building and automobile business were in existence prior to the passage of the Manchester zoning ordinance in 1927. The building is located in an apartment house district. Section 4 of the zoning ordinance of the city of Manchester provides as follows: "Section 4. In an Apartment House District—No building or premises shall be erected, altered or used except for one or more of the following uses." Then follows a list of permitted uses which does not include garages. Section 9 of the ordinance also provides that "any lawful use of a building or premises or part thereof existing at the time of the adoption of this ordinance may be continued although such use does not conform with the provisions hereof." Section 14 of the ordinance gives the board of adjustment power "to permit the erection of additional buildings or the enlargement or alteration of existing buildings on the same or an adjacent parcel of land each in the same single or joint ownership of record at the time it is placed in a district, for an existing trade, business, industry or other use prohibited in such district." The land upon which the defendant proposes to build the addition in question was not in the same ownership of record at the time it was placed in the district.

The plaintiff owns two apartment houses on Amherst Street. The rear of this property is located across a back street opposite a portion of the defendant's present building.

The main position of the plaintiff is that "the board of adjustment has no power under the zoning statute or local ordinance to grant the order appealed from, and such order is therefore void as a matter of law." The answer to this argument is to be found in the language of the statute and the findings of the master.

The statute confers upon the board authority "to authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." R. L., c. 51, s. 62 (III); *Vogel* v. *Board &c of Manchester*, 92 N. H. 195.

The master found that (1) the appellant will not suffer any definite findable diminution in the value of her property as a result of this addition to appellee's building and business; (2) that the granting of the permit by the board of adjustment was not contrary to the public

interest and was, in fact, beneficial to the public interest in that the present traffic congestion both on Hanover Street and Amherst back Street will be reduced when the proposed addition is built and in operation; (3) that the denial of a permit for a garage addition will result in an unnecessary hardship to the Manchester Buick Company; (4) that, by the granting of the permit by the Manchester board of adjustment, the spirit of the ordinance was observed and substantial justice done.

It was argued by the plaintiff, despite the broad language of the statute above quoted, that, by allowing a variance from the terms of the ordinance under the present circumstances, "the restricted character of zoning districts will be destroyed and the ordinance nullified," and it was suggested that the power of the zoning board was limited to slight variances from the terms of the ordinance. Disregarding the question whether the present variance is slight or of grave importance, this argument is inconsistent with the unqualified language of the statute. No such limitation upon the board's power to allow variances is expressed in the statute, and for us to read such a limitation into the law would constitute a flagrant case of judicial legislation. The findings of the master which were adopted by the Trial Court are amply supported and fully justified by the evidence. "It certainly cannot be said that no reasonable person could have reached such a conclusion." *Plourde* v. *Nashua*, 93 N. H. 376, 378. The Trial Court, through its master, carefully balanced the public interests and the private interests involved, and it cannot be found that, in coming to a decision that the appeal should be dismissed, it acted unreasonably or arbitrarily.

It is further argued by the plaintiff that the finding of the Court that the denial of a permit to the Manchester Buick Company would constitute an unnecessary hardship upon it, is contrary to the evidence, since any damage thus sustained would be merely the normal and necessary result of the zoning ordinance.

The fallacy of this argument becomes evident when it is considered in connection with the other findings of the master to the effect that no findable damage to the value of the plaintiff's property from the proposed addition was shown by the evidence, while the proposed addition would, in fact, be beneficial to the public interest in that the present traffic congestion, both on Hanover Street and Amherst back Street will be reduced when the proposed addition is built and in operation. In view of these findings it is a compelled conclusion that any hardship suffered by the defendant as the result of the interfer-

ence with its right to use its property as it sees fit, although no public or private rights are injuriously affected thereby, is an unnecessary hardship, which, in connection with the other factors mentioned in the statute, will justify the allowance of a variance by the board of adjustment.

It is further argued by the plaintiff that if the statute is construed to mean exactly what it says, the result will be that the board "must be vested with arbitrary power unrestrained by any rule which they are bound to apply and enforce, to permit such expansion to one non-conforming business and to deny the same right or privilege to another under similar circumstances—a result which, aside from the constitutional questions presented, was obviously not intended by the legislature." Citing *Hanover Precinct* v. *Atkins*, 78 N. H. 308. The answer to this argument also is to be found in the language of the statute. The allowance of a variance is not conditioned upon the arbitary will of the board "unrestrained by any rule which they are bound to apply and enforce." On the contrary, it is to be allowed only "in specific cases" when it will not be "contrary to the public interest" and "where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done." In the present instance all of the necessary conditions have been found to exist. The order of the Superior Court dismissing the appeal was, therefore, properly made and the order here must be

*Exceptions overruled.*

DUNCAN, J., dissented, being of the opinion that the evidence cannot reasonably be held to satisfy the statutory prerequisites to authorization of a variance. R. L., c. 51, s. 62 (III): the others concurred.