Bernard S. Meyer, J.
Respondent Board of Zoning Appeals moves to dismiss the petition in this article 78 proceeding for insufficiency. Petitioners are owners of properties adjoining or close to a night club. The property on which the night club is situated is zoned Business X as to 100 feet of its depth, and Residence B as to the remaining 50 feet of its depth. The owner and operator of the night club also owns an adjoining residential parcel. Application of the owner for a variance to permit use of the adjoining parcel for parking was denied by the Board of Zoning Appeals in a decision which noted the “ disturbing and adverse effect from the present operation of the premises ” and concluded that the use applied for would prevent orderly and reasonable use of adjacent properties, and of permitted and established uses in the immediate area, that health, welfare, *308 safety, comfort and convenience would be adversely affected by the proposed use, and that it would not be in harmony with or promote the general purposes and intent of the zoning ordinance. So far as the present record discloses, no proceeding to review that determination has been brought.
The owner and operator also sought permission under section F-1.3 of article 3 of the ordinance to extend the night club use to the full 150-foot depth of the parcel on which it is located, the additional 50 feet to be used for parking. The board’s determination to grant that application stated merely that “ The applicant has submitted a chain of title certified by the Title Guarantee Company evidencing that his entire lot has been held in single and separate ownership since September 30,1919 and has therefore met the requirements of said section.” This proceeding seeks review of that determination.
Section F-1.3 of article 3 of the ordinance provides as follows: “ Where a district boundary line divides a lot in a single ownership at the effective date of this Ordinance, the Board of Appeals may permit the less restricted use to extend to the entire lot, but not more than fifty (50) feet beyond the boundary line of the district in which such use is authorized.” Respondent argues that the section establishes only one standard, single and separate ownership, and that it, as an administrative agency, cannot impose further requirements. The fallacy of the argument is that the entire ordinance must be read together. The construction for which respondent contends would be correct if the quoted section used the verb “ shall ” rather than “ may ”, or affirmatively stated that section Z-l.O(B) of article 12 should not apply. Section F-1.3, however, is not mandatory. Rather, by the use of the word “ may ” it is made clear that the extension of a use beyond the district boundary “ is permitted only if the Board of Appeals shall approve thereof,” and that the standards set forth in section Z-l.O(B) of article 12 apply.
Respondent’s argument to the contrary is predicated on Matter of Kessel v. Michaelis (15 Misc 2d 755, affd. 4 A D 2d 884, appeal dismissed 4 N Y 2d 803). The decision is, however, authority that the standards established by section Z-l.l of article 12 as it read at that time when read together with sections 261, 263 and 267 of the Town Law were sufficient to sustain the power granted to the board by section F-1.3 of article 3 and thus is authority against, not in favor of, respondent’s position. If further evidence of that fact is needed, it is to be found in Mr. Justice Hogan’s conclusion in the Kessel cas.e that “the voluminous record discloses sufficient and reasonable basis for ” the action taken (p. 759).
*309 The motion to dismiss the petition is, therefore, denied. Normally, such denial would be accompanied by permission to the town to answer the petition, or where, as in the instant case, the bbard has not made the findings required by the ordinance, by an order remanding the matter to the board for the making of necessary findings. In light of the findings made by the board in connection with the application for a variance for the adjoining parcel, the fact that those findings negative every element which, under section Z-l.O(B), the board must find affirmatively in order to sustain its grant of a special exception, and the further fact that the two proceedings involved not only the same business property, but also the same proponents and opponents, the factual determinations made in the variance proceeding are binding in this proceeding. Under the circumstances, therefore, * ‘ it is clear that no issue exists which may be raised by answer concerning the merits of the petitioner’s application ” (Matter of Brentmore Estates v. Hotel Barbizon, 263 App. Div. 389, 391) and that a final order should be entered annulling the determination of the board.
Settle order denying the motion, without leave to answer, and annulling the determination of the board.