■ CHARLES P. KELLY, Appellant, v TIMOTHY JOSEPH et al., Respondents.—Mahoney, P. J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from a judgment of the Supreme Court (King, J.), entered March 1, 1990 in Dutchess County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the City of Beacon granting an area variance to respondent Richard Yeaple Jr., and (2) from a judgment of said court, entered July 27, 1990 in Dutchess County, which, upon reargument, adhered to its prior decision.

On July 11, 1989, respondent Richard Yeaple Jr. applied to respondent Zoning Board of Appeals of the City of Beacon (hereinafter the ZBA) in Dutchess County for an area variance for a 50-foot-wide parcel of land located at 10 Aldridge Place, in contemplation of purchasing the lot from respondent Timothy Joseph. The City's zoning ordinance required minimum side yard setbacks of 15 feet with a total minimum side yard of 40 feet. Yeaple's application proposed an L-shaped, conventionally framed ranch 24 feet wide. The side yards would be 10 feet on one side and 16 feet on the opposite side.

After review of the proposed building plans, the ZBA was persuaded that Yeaple would suffer practical difficulties and economic hardship without a variance and, further, that a grant of variance would not adversely impact the neighborhood. Accordingly, the application was granted. Petitioner, an adjoining landowner, commenced this CPLR article 78 proceeding seeking to annul the ZBA's determination. Supreme Court upheld the ZBA's decision and, upon granting reargument, adhered to its original decision. These appeals ensued.

We affirm. As Supreme Court noted, the subject parcel is situated in a residential zone and is useless unless a residence can be built on the lot. Further, despite petitioner's arguments to the contrary, the record shows that when Joseph offered to purchase a 25-foot-wide strip of adjacent land from petitioner,

petitioner demanded $50,000 as the selling price; yet, petitioner offered to buy the lot at issue for $5,000. Thus, petitioner's own evaluation supports the rational basis upon which Supreme Court concluded that evidence of economic injury was self-evident (see, Matter of Cowan v Kern, 41 NY2d 591, 598). We also note that the property at issue is 50 feet wide and the ordinance requires 40 feet of total side yardage. In order to meet the zoning requirements, Yeaple would have to build a 10-foot-wide house. Where, as here, an applicant cannot utilize his property without coming into conflict with the zoning ordinance, a practical difficulty, essential to the grant of an area variance, exists which justifies the relief requested (see, Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309, 314). We have reviewed petitioner's remaining arguments and find them without merit. Weiss, Mikoll, Yesawich Jr. and Harvey, JJ., concur. Ordered that the judgments are affirmed, without costs.