Belknap
No. 93–626

MARK L. HUSNANDER

v.

TOWN OF BARNSTEAD & a.

April 21, 1995

*Nighswander, Martin & Mitchell, P.A.,* of Laconia (*Timothy Bates* on the brief and orally), for the plaintiff.

*Daniel D. Crean,* of Concord, by brief and orally, for the defendant, Town of Barnstead.

*Wescott, Millham & Dyer,* of Laconia (*Susan B. Carbon* on the brief and orally), for the intervenor, Margot Georges, Trustee of Silva Real Estate Trust.

BATCHELDER, J. The plaintiff, Mark L. Husnander, appeals the decision of the Superior Court (*McHugh,* J.) upholding the defendant's, the Town of Barnstead (the town), grant of a variance to the intervenor, Margot Georges, Trustee of the Silva Real Estate Trust. We affirm.

In November 1991, the intervenor applied for a building permit to construct a single–family home on Lower Suncook Lake. When the permit was denied because the proposed construction did not meet setback requirements, she applied to the Barnstead Zoning Board of Adjustment (ZBA) for a variance. Following several hearings, in September 1992, the ZBA granted the variance.

The plaintiff, an abutter who had opposed the variance at the hearings before the ZBA, appealed to the superior court. *See* RSA 677:4 (1986) (amended 1994). The trial court ruled, "A review of the Barnstead zoning ordinance and, most importantly, a view of the property in question, make it clear to the Court that the ZBA's granting of the variance[] requested was the only reasonable action that could have been taken under the circumstances." This appeal followed.

"Under the applicable standard of review, we will uphold the decision of the superior court unless that decision is not supported by the evidence or is legally erroneous." *Cohen v. Town of Henniker,* 134 N.H. 425, 426, 593 A.2d 1145, 1146 (1991). The question before us is not whether we would have found as the trial court did, but whether there was evidence reasonably to support the trial court's findings. *Rowe v. Town of North Hampton,* 131 N.H. 424, 428, 553 A.2d 1331, 1334 (1989).

■ "The variance is the 'safety valve' of zoning administration."
3 E. ZIEGLER, RATHKOPF'S THE LAW OF ZONING AND PLANNING,
§ 38.01[1] (4th ed. 1994) (footnote omitted); *see Grey Rocks Land Trust
v. Town of Hebron,* 136 N.H. 239, 246, 614 A.2d 1048, 1052 (1992)
(Horton, J., dissenting). "In other words, a variance is in the nature of
a waiver of the strict letter of the zoning ordinance without sacrifice to
its spirit and purpose." *New London v. Leskiewicz,* 110 N.H. 462, 466,
272 A.2d 856, 859 (1970).

■■ Under RSA 674:33, I(b) (1986), a ZBA is authorized to issue
a variance from the terms of the zoning ordinance, provided the
variance would not "be contrary to the public interest, if, owing to
special conditions, a literal enforcement of the provisions of the
ordinance will result in unnecessary hardship, and so that the spirit of
the ordinance shall be observed and substantial justice done." We have
added the requirement that the variance must not result in diminution
of surrounding property values. *Gelinas v. Portsmouth,* 97 N.H. 248,
250, 85 A.2d 896, 898 (1952). "The party seeking a variance . . . bears
the burden of establishing each of the requirements for a variance."
*Grey Rocks Land Trust,* 136 N.H. at 243, 614 A.2d at 1050.

The plaintiff first argues that no unnecessary hardship exists
because the intervenor could construct a dwelling on the lot that would
comply with the setback requirements. Although the intervenor
concedes that the allowable building envelope contains adequate
square footage to construct a dwelling of the same size, she contends
that "the odd-shaped result from such construction would make the
living space dysfunctional."

■ Hardship warranting the grant of a variance exists where "the
deprivation resulting from application of the ordinance [is] so great as
to effectively prevent the owner from making any *reasonable* use of the
land." *Governor's Island Club v. Town of Gilford,* 124 N.H. 126, 130,
467 A.2d 246, 248 (1983). "[I]t is not uniqueness of the plight of the
owner, but uniqueness of the land causing the plight that is the
criterion for unnecessary hardship." *Carbonneau v. Town of Exeter,* 119
N.H. 259, 263, 401 A.2d 675, 677 (1979) (quotation omitted).

Although we can envision instances where a landowner might
request a variance merely to construct a dwelling that he or she would
prefer to one permitted by the zoning ordinance, the trial court could
reasonable have found that this is not such a case. *Cf. Grey Rocks Land
Trust,* 136 N.H. at 243, 614 A.2d at 1050 (reversing variance award
where landowner was making reasonable use of the land at time of
variance application); *Crossley v. Town of Pelham,* 133 N.H. 215, 217,
578 A.2d 319, 320 (1990) (reversing variance award to build two-car
garage where no unnecessary hardship existed). We note also that the

trial court had a view of the property, and the findings of the trial court are within its sound discretion, particularly when a view has been taken. *See Voedisch v. Town of Wolfeboro,* 136 N.H. 91, 93, 612 A.2d 902, 904 (1992).

The building envelope is an elongated, somewhat curved strip, roughly seventy feet long. Although one end is approximately thirty feet wide, more than half of the strip is only fifteen feet wide. Depending upon one's frame of reference, the building envelope could be described as a cradle, a sleigh, or a chemistry beaker tipped on its side. The intervenor testified that designing a house to fit within this envelope was "functionally not a reasonable thought." Further, the trial court, bolstered by its view, found that the lot sloped and had an abundance of ledge. These findings provide support to the trial court's ruling that denying a variance would result in unnecessary hardship.

The trial court ruled that "the ZBA's decision to grant Ms. Georges the variance[] necessary to enable her to construct the house she is desirous of constructing was a reasonable decision." We find no error in the trial court's ruling. *Accord Kelly v. Joseph,* 572 N.Y.S.2d 533, 533–34 (App. Div. 1991) (grant of variance proper where setbacks would result in ten–foot–wide house); *Haas v. Zoning Board of Adjustment of Philadelphia,* 169 A.2d 287, 289 (Pa. 1961) (grant of variance proper where submachine gun shape of lot made building impractical).

The plaintiff next argues that the grant of the variance was unlawful because there are other reasonable uses permitted under the zoning ordinance. Among the uses proposed were an elaborate tent for summer camping, agriculture, raising livestock, and a roadside stand for selling vegetables. The trial court found that the lot's slope, abundance of ledge, and remote location defeated the plaintiff's argument. Testimony of a ZBA member, who is a licensed land surveyor and licensed septic system designer, revealed that "the lot had a strange configuration due to the shoreline and that the only reasonable use of this property was for a single–family home." Ample evidence supports the trial court. *See Cohen v. Town of Henniker,* 134 N.H. at 426, 593 A.2d at 1146.

The plaintiff lastly contends that the trial court improperly based its decision on the plaintiff's motives in appealing the grant of the variance. We disagree.

To the extent that the trial court discussed the plaintiff's motives for appealing, it did so merely to demonstrate the lack of merit in his legal argument. The trial court properly based its decision on a review of all five variance requirements. *See Gelinas,* 97 N.H. at 250, 85 A.2d at 898.

*Affirmed.*

All concurred.