Rockingham
No. 98-409

SIMPLEX TECHNOLOGIES, INC.

v.

TOWN OF NEWINGTON & a.

January 29, 2001

*Gottesman and Hollis, P.A.*, of Nashua (*Anna B. Hantz* on the brief), and *Stebbins, Lazos & Van Der Beken*, of Manchester (*Henry B. Stebbins* on the brief and orally), for the plaintiff.

*Peter J. Loughlin* of Portsmouth, by brief and orally, for defendant Town of Newington.

*Boynton, Waldron, Doleac, Woodman & Scott, P.A.*, of Portsmouth, for defendant The Equitable Life Assurance Society of the United States & The Fox Run Mall Joint Venture, filed no brief.

*H. Bernard Waugh, Jr.*, of Concord, by brief for the New Hampshire Municipal Association, as *amicus curiae*.

NADEAU, J. The plaintiff, Simplex Technologies, Inc. (Simplex), appeals from an order of the Superior Court (*Galway*, J.), affirming a decision of the Town of Newington Zoning Board of Adjustment (ZBA) denying Simplex's request for a variance to develop a portion of its property that fronts Woodbury Avenue. The defendants are the Town of Newington and The Equitable Life Assurance Society of the United States and the Fox Run Mall Joint Venture. We reverse and remand.

Simplex owns ninety-two acres in Newington between the Piscataqua River and Woodbury Avenue. For more than thirty years Simplex has operated a manufacturing facility on this land. Woodbury Avenue forms a boundary line between industrial and commercial zoning districts in Newington. All the property west of Woodbury Avenue, including two shopping malls, was once in the industrial zone but now lies within the commercial zone, across the street from the Simplex property.

There are three other commercial businesses also located on the east side of Woodbury Avenue, within the commercial zone. North of the Simplex property along Woodbury Avenue is a mini-mall located on a ten-acre lot that was re-zoned for commercial use in 1983. A car dealership and an electronics retail store are located south of the Simplex property near the intersection of Woodbury Avenue and Gosling Road on thirteen acres of commercial property. The Bank of New Hampshire and the Great Bay School operate within the industrial zone, but not with industrial purposes; the bank operates as a nonpermitted use and the school operates as a nonconforming use.

Seeking to develop 6.2 acres of its property abutting Woodbury Avenue with a Barnes & Noble bookstore and a family restaurant, Simplex requested use and area variances for this property. The ZBA, determining that Simplex met none of the five criteria for a variance, denied its requests. Simplex appealed to the superior court, arguing that: (1) the ZBA's decision was unreasonable; (2) the Town was estopped from enforcing the zoning ordinance against

Simplex because it was acting in a discriminatory fashion; and (3) the zoning ordinance was unconstitutional on its face and as applied to Simplex. The superior court ruled that the ZBA's determination was not unreasonable or unlawful because Simplex did not meet the hardship criteria for a variance and rejected Simplex's municipal estoppel argument. The superior court also rejected Simplex's constitutional arguments. This appeal followed.

The trial court's review is governed by RSA 677:6, which places the burden of proof on the party seeking to set aside a ZBA decision to show that the decision is unlawful or unreasonable. According to this statute, the trial court must treat all findings of the ZBA as *prima facie* lawful and reasonable. *See* RSA 677:6 (1996). However, the trial court may set aside a ZBA decision if it finds by the balance of probabilities, based on the evidence before the court, that the ZBA's decision was unreasonable. *See id.*

"Our standard of review of the trial court's decision is whether the evidence reasonably supports the trial court findings, not whether we would find as the trial court did." *Rowe v. Town of North Hampton*, 131 N.H. 424, 428, 553 A.2d 1331, 1334 (1989). Nevertheless, if we determine a trial court's decision is unsupported by the record or is erroneous as a matter of law, then we will overturn its judgment. *See Olszak v. Town of New Hampton*, 139 N.H. 723, 724, 661 A.2d 768, 770 (1995).

We begin by looking at the present state of land use variance law. To determine the validity of zoning laws, the "police power and the right to private property must be considered together as interdependent, the one qualifying and limiting the other." *Metzger v. Town of Brentwood*, 117 N.H. 497, 502, 374 A.2d 954, 957 (1977) (quotation omitted). The purpose of a variance is to allow for "a waiver of the strict letter of the zoning ordinance without sacrifice to its spirit and purpose." *Husnander v. Town of Barnstead*, 139 N.H. 476, 478, 660 A.2d 477, 478 (1995). By allowing variances "litigation of constitutional questions may be avoided and a speedy and adequate remedy afforded in cases where special conditions" exist. *Bouley v. Nashua*, 106 N.H. 79, 84, 205 A.2d 38, 41 (1964) (quotations omitted).

According to RSA 674:33, I(b), a zoning board of adjustment may authorize a variance if the following conditions are met: (1) the variance will not be contrary to the public interest; (2) special conditions exist such that literal enforcement of the ordinance results in unnecessary hardship; (3) the variance is consistent with the spirit of the ordinance; and (4) substantial justice is done. *See* RSA 674:33 (1996 & Supp. 2000). In addition, the board may not grant a variance if it diminishes the value of surrounding properties.

*See Ryan v. City of Manchester Zoning Board*, 123 N.H. 170, 173, 459 A.2d 244, 245 (1983). The ZBA determined that Simplex failed to meet any of these conditions. The superior court affirmed the ZBA's decision, analyzing only the question of unnecessary hardship.

Our recent case law suggests that in seeking a variance, the hardship requirement is the most difficult to meet. To establish hardship, property owners must show that an ordinance unduly restricts the use of their land. *See Governor's Island Club v. Gilford*, 124 N.H. 126, 130, 467 A.2d 246, 248 (1983). In *Governor's Island*, we overturned the trial court's order affirming the ZBA's grant of a variance, stating: "For hardship to exist under our test, the deprivation resulting from application of the ordinance must be so great as to effectively prevent the owner from making any reasonable use of the land." *Id.*

In overturning the grant of a variance that allowed a landowner to expand his pre-existing nonconforming marina with a boat storage building, we stated: "The uncontroverted fact that the Marina had been operating as a viable commercial entity for several years prior to the variance application is conclusive evidence that a hardship does not exist." *Grey Rocks Land Trust v. Town of Hebron*, 136 N.H. 239, 243, 614 A.2d 1048, 1050 (1992). As in other cases, we emphasized that "[t]he uniqueness of the land, not the plight of the owner, determines whether a hardship exists." *Id.* (quotation and citation omitted).

Dissenting in *Grey Rocks*, Justice Horton was critical of our restrictive definition of hardship. He discussed the similarity between our definition and a "substantial taking" approach. *See id.* at 247, 614 A.2d at 1052 (Horton, J., dissenting). Under this approach, variances are very difficult to obtain unless evidence establishes that the property owner cannot use his or her property in any way. *See id.* (Horton, J., dissenting). This approach "rejects any claim of right to use property as one sees fit, no matter how unobtrusive." *Id.* (Horton, J., dissenting).

Though variances have been granted, their numbers have been few, diminished undoubtedly by our reiterated and restrictive definition of what constitutes an unnecessary hardship. *See, e.g., Husnander*, 139 N.H. at 478-79, 660 A.2d 477 at 478-79.

Our current restrictive approach is inconsistent with our earlier articulations of unnecessary hardship. In *Fortuna v. Zoning Board of Adjustment of Manchester*, a car dealership was granted a variance to expand its nonconforming use by adding a garage within an apartment zoning district. *See Fortuna v. Zoning Board of Manchester*, 95 N.H. 211, 212, 60 A.2d 133, 134 (1948). The record

established that this addition would reduce traffic, but would not diminish the value of the surrounding properties. *See id.* at 212-13, 60 A.2d at 135. We found unnecessary hardship existed because the ordinance interfered with the dealership's right to use its property as it saw fit and that its use did not injure the public or private rights of others. *See id.* at 213-14, 60 A.2d at 135.

Also, our restrictive approach is inconsistent with the notion that zoning ordinances must be consistent with the character of the neighborhoods they regulate. In *Belanger v. City of Nashua*, the zoning board of adjustment denied a land owner a variance to expand a nonconforming commercial use from one room of her house to the whole house. *See Belanger v. City of Nashua*, 121 N.H. 389, 430 A.2d 166 (1981). The surrounding area had changed substantially since it was zoned for single family residential use. *See id.* at 393, 430 A.2d at 169. Emphasizing that municipalities must coordinate their zoning ordinances to reflect the current character of their neighborhoods, we upheld the trial court's order vacating the board's decision. *See id.*

Finally, our restrictive approach is inconsistent with our constitutional analysis concerning zoning laws. To safeguard the constitutional rights of landowners, we insist that zoning ordinances "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the regulation." *Town of Chesterfield v. Brooks*, 126 N.H. 64, 69, 489 A.2d 600, 604 (1985) (quotation omitted).

Inevitably and necessarily there is a tension between zoning ordinances and property rights, as courts balance the right of citizens to the enjoyment of private property with the right of municipalities to restrict property use. In this balancing process, constitutional property rights must be respected and protected from unreasonable zoning restrictions. The New Hampshire Constitution guarantees to all persons the right to acquire, possess, and protect property. *See* N.H. CONST. pt. I, arts. 2, 12. These guarantees limit all grants of power to the State that deprive individuals of the reasonable use of their land.

We believe our definition of unnecessary hardship has become too restrictive in light of the constitutional protections by which it must be tempered. In consideration of these protections, therefore, we depart today from the restrictive approach that has defined unnecessary hardship and adopt an approach more considerate of the constitutional right to enjoy property. Henceforth, applicants for a variance may establish unnecessary hardship by proof that: (1)

a zoning restriction as applied to their property interferes with their reasonable use of the property, considering the unique setting of the property in its environment; (2) no fair and substantial relationship exists between the general purposes of the zoning ordinance and the specific restriction on the property; and (3) the variance would not injure the public or private rights of others.

While the trial court properly applied settled law, because of our departure from the existing definition of hardship, we remand this case to the superior court to determine whether Simplex can establish unnecessary hardship under this new standard.

■ Simplex also argues that the trial court erred in rejecting its claim of municipal estoppel. Because Simplex did not raise this issue in its notice of appeal or obtain leave of this court to add the question, Simplex has waived the issue of estoppel and we will not consider it. *See* SUP. CT. R. 16(3)(b); *see also State v. Peterson*, 135 N.H. 713, 714-15, 609 A.2d 749, 750-51 (1992).

■ Finally, Simplex argues that the enforcement of the zoning ordinance was unconstitutional because the restriction against commercial development was not equally applied to other Woodbury Avenue landowners. We decide cases on constitutional grounds only when necessary. *See Olson v. Fitzwilliam*, 142 N.H. 339, 345, 702 A.2d 318, 322 (1997). Because we reverse and remand on other grounds, we decline to address the merits of Simplex's constitutional claims. *See id.*

*Reversed and remanded.*

THAYER, J., sat for oral argument but resigned prior to the final vote; BROCK, C.J., and BRODERICK and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.