Hillsborough-northern judicial district
No. 2002-208

BONNITA RANCOURT *& a.*

v.

CITY OF MANCHESTER

Submitted: November 21, 2002
Opinion Issued: January 10, 2003

*Bossie, Kelly, Hodes, Buckley & Wilson, P.A.*, of Manchester (*David E. LeFevre* on the brief), for the plaintiffs.

*Thomas R. Clark*, city solicitor, of Manchester (*Daniel D. Muller, Jr.* on the brief), for the defendant.

*Wadleigh, Starr & Peters, P.L.L.C.*, of Manchester (*Paul L. Apple* on the brief), for the intervenors.

BROCK, C.J. The plaintiffs, Bonnita Rancourt and other abutters to land in Manchester owned by the intervenors, Joseph and Meredith Gately, appeal the Superior Court's (*Barry*, J.) order affirming the decision of the defendant City of Manchester's zoning board of adjustment (ZBA) granting the intervenors a variance. We affirm.

The intervenors own a lot approximately three acres in size, located in an R-1A zoning district, a lower-density residential zoning district. The rear of the lot is much larger than the front. The intervenors purchased the property in 2000, after having confirmed that the city's zoning ordinance permitted them to stable horses on the lot.

In May 2001, after contracting to build a single-family home on the lot, the intervenors applied for a permit to build a barn in which to stable two horses. The barn was to be constructed on one and one-half acres located in the rear part of the lot. The permit was denied, however, because the city had recently amended its zoning ordinance to prohibit livestock, including horses, in an R-1A zoning district. Accordingly, the intervenors applied for a variance, which, following a hearing, the ZBA granted. The plaintiffs appealed to the superior court, and the superior court affirmed.

We will uphold the superior court's decision on appeal unless it is not supported by the evidence or is legally erroneous. *Morgenstern v. Town of Rye*, 147 N.H. 558, 565 (2002). For its part, the superior court

shall not set aside or vacate the ZBA's decision "except for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that said order or decision is unreasonable." RSA 677:6 (1996). "To the extent the ZBA made findings upon questions of fact properly before the court, those findings are deemed *prima facie* lawful and reasonable." *Morgenstern,* 147 N.H. at 565; *see* RSA 677:6.

RSA 674:33, I(b) (1996) authorizes a zoning board of adjustment to grant a variance if the following conditions are met: (1) the variance will not be "contrary to the public interest"; (2) "special conditions" exist such that "a literal enforcement of the provisions of the ordinance will result in unnecessary hardship"; (3) "the spirit of the ordinance shall be observed"; and (4) "substantial justice" will be done. Only the second condition, "unnecessary hardship," is at issue in this appeal.

We recently articulated a new definition of "unnecessary hardship." *See Simplex Technologies v. Town of Newington,* 145 N.H. 727, 731-32 (2001). In so doing, we departed from our traditionally restrictive approach to this requirement. *Id.* at 731.

Before *Simplex,* to establish "unnecessary hardship," an applicant for a variance had to show that a zoning ordinance unduly restricted the use of their land. *Id.* at 730; *see Governor's Island Club v. Town of Gilford,* 124 N.H. 126, 130 (1983). For hardship to exist, the deprivation resulting from applying the ordinance had to be "so great as to effectively prevent the owner from making *any* reasonable use of the land." *Governor's Island Club,* 124 N.H. at 130 (emphasis added). The focus of the prior test was on "[t]he uniqueness of the land, not the plight of the owner." *Grey Rocks Land Trust v. Town of Hebron,* 136 N.H. 239, 243 (1992).

In *Simplex,* we held that our prior test was "too restrictive in light of the constitutional protections by which it must be tempered." *Simplex,* 145 N.H. at 731. We thus adopted an approach that was more considerate of a property owner's constitutional right to use his or her property. *Id.*

 Under *Simplex,* to establish "unnecessary hardship," an applicant for a variance must show that: (1) a zoning restriction applied to the property interferes with the applicant's "reasonable use of the property, considering the unique setting of the property in its environment"; (2) "no fair and substantial relationship exists between the general purposes of the zoning ordinance and the specific restriction on the property"; and (3) "the variance would not injure the public or private rights of others." *Id.* at 731-32. Under *Simplex,* applicants no longer must show that the zoning ordinance deprives them of any reasonable use of the land. *Id.* at 730-32. Rather, they must show that the use for which they seek a variance is

"reasonable," considering the property's unique setting in its environment. *Id.* at 732.

The plaintiffs assert that the intervenors were not entitled to a variance because there were no "special conditions" that warranted it. *See* RSA 674:33, I(b). To support their argument, however, they mistakenly rely upon case law developed before *Simplex*. Whereas before *Simplex*, hardship existed only when special conditions of the land rendered it uniquely unsuitable for the use for which it was zoned, *see Margate Motel, Inc. v. Town of Gilford*, 130 N.H. 91, 94 (1987), after *Simplex*, hardship exists when special conditions of the land render the use for which the variance is sought "reasonable." In the first prong of the *Simplex* test, "special conditions" are referred to as the property's "unique setting . . . in its environment."

 Both the trial court and the ZBA could rationally have found that the zoning ordinance precluding horses in an R-1A district interfered with the intervenors' reasonable proposed use of their property, considering its unique setting. Evidence before the ZBA showed that the intervenors' lot was located in a country setting. Evidence before the ZBA also showed that the lot was larger than most of the surrounding lots and was uniquely configured in that the rear portion of the lot was considerably larger than the front. The ZBA also had evidence that there was a "thick wooded buffer" around the proposed paddock area. Further, the area in which the intervenors proposed to keep the two horses constituted an acre and a half, which, according to the city's zoning laws, was more land than required to keep two livestock animals. The trial court and the ZBA could logically have concluded that these special conditions of the property made the proposed stabling of two horses on the property "reasonable."

The plaintiffs argue that a use is not "reasonable" unless it is established in the neighborhood or customarily associated with or consistent with established uses in the neighborhood. They cite no direct legal support for this argument, relying instead upon the law of accessory uses. We decline the plaintiffs' invitation to extend the law of accessory uses to variances.

Because the plaintiffs do not otherwise challenge the trial court's rulings on the *Simplex* unnecessary hardship test on appeal, we do not address them.

*Affirmed.*

BRODERICK, NADEAU, DALIANIS and DUGGAN, JJ., concurred.