Strafford
No. 2001-479

BERNARD J. DUFFY & a.

v.

CITY OF DOVER & a.

Argued: January 8, 2003
Opinion Issued: February 27, 2003

*Burns, Bryant, Hinchey, Cox & Rockefeller, P.A.*, of Dover (*Donald R. Bryant* on the brief and orally), for the petitioners.

*George E. Wattendorf*, of Dover, by brief, for the respondents.

*McNeill, Taylor & Gallo, P.A.*, of Dover (*Malcolm R. McNeill, Jr.* and *Lynne M. Dennis* on the brief, and *Mr. McNeill* orally), for the intervenor, Motiva Enterprises, LLC.

DALIANIS, J. In this zoning board appeal, the intervenor, Motiva Enterprises, LLC (Motiva), seeks to expand the commercial use of its property. The petitioners, Bernard J. Duffy, Eleanor K. Duffy, Donald R. Bryant and Eleanor G. Bryant, appeal a decision of the Superior Court (*Fauver*, J.) affirming a decision of the City of Dover Zoning Board of Adjustment (board) denying their claim that the intervenor's project is prohibited under the City of Dover Zoning Ordinance (city ordinance). We affirm.

The record supports the following facts. Motiva owns and operates a gasoline station located at 169 Silver Street in Dover. The former owner of the property, Texaco Incorporated, received a variance in 1966 to use the property for a gasoline station. Motiva's property lies within two zoning districts: the B-3 (business) zoning district and the RM-10 (residential) district. City ordinance 170-10 (E), in part, provides:

> Where a district boundary divides one (1) lot and more than fifty percent (50%) of the area of such lot lies in the less restricted district, the regulations prescribed by this chapter for the less restricted district may apply to the remainder of said lot up to a distance of not more than fifty (50) feet from the district boundary. In no case, however, shall such extension of the less restricted district be permitted closer than one hundred (100) feet to any street line in the more restricted district.

DOVER, N.H., ZONING ORDINANCE ch. 170, art. 3, § 10 (1979).

On April 12, 2000, Motiva submitted an application for site plan review for the purposes of expanding the use of its property to include a

convenience store, car wash and fast food facility. All of the new structures are to be located within either the B-3 zoning district or no more than fifty feet into the RM-10 zoning district. In addition, the improvements are more than 100 feet from Silver Street. The proposal contains no plan to enlarge or extend the existing driveway, which has been used since the original variance in 1966, but, rather, provides for a reduction in both the driveway's size and its extent of intrusion into the RM-10 zone.

Following a challenge from the petitioners as to whether the Motiva plan was permitted, the City Code Enforcement Officer (Officer) found that Motiva's project was in compliance with the ordinance. The petitioners appealed this decision to the board, which upheld the Officer's decision. The petitioners subsequently appealed the board's decision to the superior court, arguing that Motiva cannot extend the use of its property under city ordinance 170-10 (E) without board approval. They also argued that the board erred in approving Motiva's project because both the driveway and the telephone, electrical and sewer connections extend beyond fifty feet into the RM-10 zone.

Following a hearing, the superior court affirmed the board's decision. In its order, the court rejected the petitioners' argument that city ordinance 170-10 (E) must be construed as vesting the board and not the applicant with the discretion to apply the regulations affecting the less restrictive district to the remainder of the lot up to a distance of fifty feet from the boundary line. Further, it ruled that the driveway and telephone, electric and sewer connections were not "uses" under the ordinance and therefore not in violation of the city ordinance. It also ruled that issues relating to both the driveway and the telephone, electric and sewer connections were properly the subject of the site plan review process. The petitioners filed a motion to reconsider, which was denied. This appeal followed.

The factual findings of the board are deemed *prima facie* lawful and reasonable, and will not be set aside by the superior court absent errors of law, unless the court is persuaded, based upon a balance of the probabilities, on the evidence before it, that the board's decision is unreasonable. RSA 677:6 (1996). The party seeking to set aside the board's decision bears the burden of proof on appeal to the superior court. *Id.* We will uphold the superior court's decision on appeal unless it is not supported by the evidence or is legally erroneous. *Mt. Valley Mall Assocs. v. Municipality of Conway*, 144 N.H. 642, 647 (2000). Our inquiry is not whether we would find as the trial court found, but rather whether the evidence before the court reasonably supports its findings. *See id.*

The petitioners first argue that the superior court and the board erred in upholding the Officer's decision that Motiva could extend the use of its property under city ordinance 170-10 (E) without board approval.

The interpretation of a zoning ordinance is a question of law, which we review *de novo. Tausanovitch v. Town of Lyme*, 143 N.H. 144, 147 (1998). Because the traditional rules of statutory construction generally govern our review, the words and phrases of an ordinance should be construed according to the common and approved usage of the language. *Id.* "[W]hen the language of an ordinance is plain and unambiguous, we need not look beyond the ordinance itself for further indications of legislative intent." *Healey v. Town of New Durham*, 140 N.H. 232, 236 (1995) (quotations and brackets omitted). Moreover, we will not guess what the drafters of the ordinance might have intended, or add words that they did not see fit to include. *See Appeal of Brady*, 145 N.H. 308, 310 (2001).

As set forth above, ordinance 170-10 (E) provides, in pertinent part, that:

> Where a district boundary divides one (1) lot and more than fifty percent (50%) of the area of such lot lies in the less restricted district, the regulations prescribed by this chapter for the less restricted district may apply to the remainder of said lot up to a distance of not more than fifty (50) feet from the district boundary.

As a general rule of statutory construction, the word "may" is permissive and implies the use of discretion. *See Appeal of Rowan*, 142 N.H. 67, 71 (1997). While the petitioners do not dispute the permissive language of city ordinance 170-10 (E), they contend that it is a matter of discretion for the board to determine whether to grant the extension, and not a matter of right for the landowner. We disagree.

Ordinance 170-10 (E) is straightforward, providing property owners who own land divided by two different zoning districts the option of expanding the use of their property into a more restricted zone under certain circumstances. There is nothing in the city ordinance that either expressly or impliedly directs the property owner to seek board approval prior to extending the usage of property. *Cf. Balduf v. Michaels*, 215 N.Y.S.2d 670, 672 (App. Div. 1961) (ordinance providing that "[w]here a district boundary line divides a lot in a single ownership . . . the Board of Appeals may permit the less restricted use to extend to the entire lot, but not more than fifty (50) feet beyond the boundary line of the district in which such use is authorized"). Certainly the ordinance could have been enacted with a provision requiring board consideration, as is required for special exceptions, *see* DOVER, N.H., ZONING ORDINANCE, ch. 170, art. V, § 18 (1990), and variances, *see id.* art. XII, § 52(c)(4) (1980). Given the absence of any language in city ordinance 170-10 (E) requiring that the

board approve the expansion of uses, we conclude that Motiva has the authority to extend the use of its property as permitted under the terms of the ordinance without prior board approval.

The petitioners next argue that the decision of the superior court is unlawful and unreasonable because it allows Motiva to extend the commercial use of its property more than fifty feet into the RM-10 zone in violation of city ordinance 170-10 (E). Specifically, they assert that Motiva's driveway and its telephone, electric and sewer connections are commercial uses that extend more than fifty feet into the RM-10 zone.

■ Assuming *arguendo* that Motiva's driveway is considered a "use" under the terms of the ordinance, we disagree that it is prohibited. As the trial court correctly set forth in its order, the city ordinance "shall not apply to existing buildings or structures, nor to the existing use of any building or structure or of land to the extent to which it is used at the time of enactment of this chapter." DOVER, N.H., ZONING ORDINANCE, ch. 170, art. I, § 5 (1987). Motiva's driveway has been used commercially since approximately 1966 when Texaco was granted a variance to operate a gasoline station. This use pre-existed the adoption of the city ordinance in 1979. Finally, because the Motiva project does not call for an enlargement or extension of the driveway into the RM-10 zone, it will not be used to a greater extent than it has been previously. Contrary to the petitioners' argument, the possibility of increased traffic does not constitute a greater use of the property on the part of Motiva. Motiva's driveway, therefore, does not violate the city ordinance. As the trial court correctly ruled, any objections to increased traffic are for site plan review. *See Town of Seabrook v. Vachon Management*, 144 N.H. 660, 664 (2000).

■ We also disagree with the petitioners that the telephone, electric and sewer connections violate city ordinance 170-10 (E). The city site plan regulations categorize telephone, electric and sewer connections as utilities, *see* DOVER, N.H., SITE PLAN REGULATIONS, ch. 149, art. IV, § 14 (1999), the location of which are permitted in numerous zoning districts, including the B-3 and RM-10 zones, DOVER, N.H., ZONING REGULATIONS, Tables of Use and Dimensional Regulations (1988). Thus, the fact that these connections extend beyond fifty feet into the RM-10 zone does not violate the city ordinance. Moreover, issues involving utility connections are also a matter for site plan review. *See* DOVER, N.H., SITE PLAN REGULATIONS, ch. 149, art. IV, § 14 (1999).

■ Finally, the petitioners argue that the Motiva project violates city ordinance 170-3 because it is contrary to the overall purpose of the city's

zoning ordinance. We find this argument to be without merit. City ordinance 170-3 provides:

> This chapter is an element of the Dover Comprehensive Development Plan and is designed to promote the health, safety, morals and the general welfare of Dover's residents by serving to facilitate the adequate provision of transportation, water, sewer, schools, parks and other public requirements; to encourage the maintenance of Dover's economic and aesthetic quality of life; and to encourage the most appropriate use of land throughout the City of Dover.

DOVER, N.H., ZONING ORDINANCE, ch. 170, art. I, § 3 (1979). This ordinance sets forth the factors that the city must consider when enacting zoning regulations. *See* RSA 674:17 (1996) (explaining requirements that a municipality must follow when adopting zoning ordinance). The focus of this provision is on the zoning ordinances themselves, not the uses permitted by those ordinances. Moreover, to construe city ordinance 170-3 as pertaining to Motiva's use of property would create an illogical result since it would be contrary to the expressed language of city ordinance 170-10 (E), which permits the less restrictive B-3 zone regulations to extend up to fifty feet into the more restricted RM-10 zone. We therefore disagree with the petitioners' suggested application of city ordinance 170-3 in this case and hold that Motiva's project is permissible.

*Affirmed.*

DUGGAN, J., concurred; HOLLMAN, MCGUIRE and LEWIS, JJ., superior court justices, specially assigned under RSA 490:3, concurred.