Grafton
No. 2002-812

RUSSELL SHOPLAND & a.

v.

TOWN OF ENFIELD

Argued: October 8, 2003
Opinion Issued: July 15, 2004

*Schuster, Buttrey & Wing, P.A.*, of Lebanon (*Barry C. Schuster* on the brief and orally), for the plaintiffs.

*Upton & Hatfield, LLP*, of Concord (*Barton L. Mayer* on the brief and orally), for the defendant.

DUGGAN, J. The defendant, Town of Enfield (town), appeals an order of the Superior Court (*Smith*, J.) vacating the decision of the zoning board of adjustment (ZBA) denying a variance to the plaintiffs, Russell and Lindsay Shopland. We reverse and remand.

The following facts were found by the trial court or are evident from the record. The Shoplands own a seasonal cottage along the shores of Crystal Lake in the town of Enfield. The cottage consists of one room and a bathroom for a total of approximately 378 square feet of living space. The Shoplands wished to expand the cottage by building a two-bedroom, one-bathroom addition, adding an additional 338 square feet of living space.

The Shoplands' property is subject to article IV, section 401.2M of the Town of Enfield zoning ordinance (ordinance), which prohibits structures within fifty feet of the seasonal high water mark of Crystal Lake. Like most of the properties around the lake, almost all of the Shoplands' home is within the fifty-foot setback as a pre-existing, nonconforming use. Under article IV, section 413.3 of the ordinance, any expansion of the footprint of a nonconforming use requires a variance.

The Shoplands' proposed addition would be located to the north of the cottage running along the existing wall, which is approximately twenty-five feet from the lake, thus imposing no further encroachment on the lake. Because the addition was an expansion of a nonconforming use within the fifty-foot setback, the Shoplands sought a variance.

At the ZBA hearing, the town's Conservation Commission recommended, after reviewing the application and visiting the site, that the ZBA deny the variance because there was no hardship. The ZBA reviewed the criteria for granting a variance and expressed concerns about the potential damage to the lake by building within the setback. When asked about the alternative of adding another story, Mr. Shopland stated that the home was on pylons without a sturdy foundation. The hearing was continued so that the ZBA members could visit the site.

At the reconvened hearing, the ZBA again expressed concerns with the potential impact of additional development on the lake and the overcrowding of the lake. In a letter to the ZBA, Mr. Shopland stated that if another story was added, the cottage would be more visible from the water.

The ZBA denied the variance because: (1) it was "contrary to the public interest in that further violating the setback might endanger the health of the lake and establish a bad precedent"; (2) denying the variance did not result in unnecessary hardship; and (3) the substantial justice provided to the Shoplands was "outweighed by the potential loss suffered by the general public if harm is done to the lake." In finding that the Shoplands did not establish unnecessary hardship, the ZBA noted that "many of the other lots in the area suffer the same topographical problems."

In a motion for rehearing, Mr. Shopland stated that he had established unnecessary hardship because, given the topography of his property, the proposed location was the only feasible place for the addition. He pointed out that a brook to the south and a steep slope to the west prevented expanding in those directions. Mr. Shopland also stated that "[b]uilding a second story would require a foundation, require the removal of trees and further impact the view from the lake." The ZBA denied the motion for rehearing.

The Shoplands appealed the ZBA's decision to the superior court. Following a hearing, the court granted the Shoplands' appeal, vacating the ZBA's decision.

In applying the first prong of the standard for unnecessary hardship set forth in *Simplex Technologies v. Town of Newington*, 145 N.H. 727 (2001), the court found that the addition did not change the use of the property and that it was "not inherently unreasonable to wish to construct two small bedrooms and a bathroom for a seasonal retirement residence." The court further found that the property was unique so as to make the zoning restriction unreasonable because there were only two directions the Shoplands could build in conformance with the zoning ordinance, neither of which, the court determined, was reasonable. The court determined that building to the west (the rear of the cottage) was not reasonable because the land sloped steeply upwards and that building on the lower slope would interfere with access to the property while building on the upper slope would interfere with the septic system. In addition, the court determined that constructing a second story was not reasonable because "the necessary excavation for a foundation would constitute a far greater disturbance both of the surface drainage to the lake and the habitat around it." After considering the other *Simplex* factors, the court found that the Shoplands had proved the existence of unnecessary hardship in

accordance with the *Simplex* standard and, therefore, the ZBA erred in denying their request for a variance.

On appeal, the town argues that the trial court erred in finding that the Shoplands satisfied their burden of proving unnecessary hardship. Our review of zoning cases is limited. *Hill v. Town of Chester*, 146 N.H. 291, 292 (2001). The factual findings of the ZBA are deemed *prima facie* lawful and reasonable, and will not be set aside by the superior court absent errors of law, unless the court is persuaded, based upon a balance of the probabilities, on the evidence before it, that the ZBA's decision is unreasonable. *Duffy v. City of Dover*, 149 N.H. 178, 180 (2003). The party seeking to set aside the ZBA's decision bears the burden of proof on appeal to the superior court. *Id.* We will uphold the superior court's decision on appeal unless it is not supported by the evidence or is legally erroneous. *Id.* Our inquiry is not whether we would find as the trial court found, but rather whether the evidence before the court reasonably supports its findings. *Id.*

■ We have established a five-part test for the granting of variances. To obtain a variance, a landowner has the burden of showing that: (1) the variance will not be contrary to the public interest; (2) special conditions exist such that literal enforcement of the ordinance results in unnecessary hardship; (3) the variance is consistent with the spirit of the ordinance; (4) substantial justice is done; and (5) granting the variance will not diminish the value of surrounding properties. *Robinson v. Town of Hudson*, 149 N.H. 255, 256-57 (2003); *see* RSA 674:33, I(b) (1996).

■ In order to establish the unnecessary hardship factor where the landowner is seeking an area variance, we recently set forth two factors that a landowner is required to prove:

> (1) whether an area variance is needed to *enable* the applicant's proposed use of the property given the special conditions of the property; and (2) whether the benefit sought by the applicant can be achieved by some other method reasonably feasible for the applicant to pursue, other than an area variance.

*Boccia v. City of Portsmouth*, 151 N.H. 85, 92 (2004) (citations omitted).

The superior court, applying the *Simplex* standard, found that the Shoplands had established unnecessary hardship. In light of our decision in *Boccia*, the Shoplands' variance application must be reviewed under the two factors for establishing unnecessary hardship in an area variance application. *See Estate of Ireland v. Worcester Ins. Co.*, 149 N.H. 656, 659-60 (2003) (giving new rules full retroactive effect in civil cases).

■ Whether the *Boccia* standard is met in this case will depend upon the application of these factors to the Shoplands' variance request. *See Britton v. Town of Chester*, 134 N.H. 434, 441 (1991) ("It is not . . . within the power of this court to act as a super zoning board.") Accordingly, we reverse and remand for proceedings consistent with this opinion. On remand, the superior court should consider whether the case needs to be remanded to the ZBA to allow further evidence and proceedings before it at which the parties can address the *Boccia* standard.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS, J., concurred; NADEAU, J., with whom BROCK, C.J., retired, specially assigned under RSA 490:3, joined, dissented.

NADEAU, J., dissenting. Ordinarily, I would concur with the result in this case, given the opinion in *Boccia v. City of Portsmouth*, 151 N.H. 85 (2004), which was argued and decided after this case was argued. Because this is my first opportunity to discuss the substance and significance of *Boccia*, however, I do so here and dissent, because I believe *Boccia* was wrongly decided.

In *Simplex Technologies v. Town of Newington*, 145 N.H. 727 (2001), we revised our definition of unnecessary hardship. Recognizing that "our definition . . . ha[d] become too restrictive in light of the constitutional protections by which it must be tempered," we adopted an approach "more considerate of the constitutional right to enjoy property." *Simplex*, 145 N.H. at 731. Departing from our earlier, more restrictive approach, we concluded that to satisfy the unnecessary hardship prong of the variance test, applicants must prove:

> (1) a zoning restriction as applied to their property interferes with their reasonable use of the property, considering the unique setting of the property in its environment; (2) no fair and substantial relationship exists between the general purposes of the zoning ordinance and the specific restriction on the property; and (3) the variance would not injure the public or private rights of others.

*Id.* at 731-32.

In *Boccia*, the court, for the first time, created a distinction between types of variances—area variances and use variances. *Boccia*, 151 N.H. at 91-92. Ruling that *Simplex* applied only to use variances, the court devised, for area variances, an entirely new unnecessary hardship test. *Id.* I believe the court erred by creating this needless test and constructing

this arbitrary distinction between variances, unintended by both *Simplex* and RSA chapter 674. *See Simplex*, 145 N.H. at 732; RSA 674:33, I (b) (Supp. 2003).

By treating use variances and area variances differently, the court misinterpreted our holding in *Simplex*. In *Simplex*, we adopted an approach "more considerate of the constitutional right to enjoy property," thereby signaling a relaxation of the definition of unnecessary hardship. *Simplex*, 145 N.H. at 731; *see Bacon v. Town of Enfield*, 150 N.H. 468, 481 (2004) (Nadeau, J., and Brock, C.J., dissenting). *Simplex* "was designed to loosen the strictures" that had long made the unnecessary hardship test virtually impossible for zoning boards to apply without violating landowners' constitutional rights. *Bacon*, 150 N.H. at 481 (Nadeau, J., and Brock, C.J., dissenting).

Nothing in *Simplex*, however, rendered the moderation of the unnecessary hardship test contingent upon the type of variance sought, nor did that case even purport to distinguish between types of variances in the first instance. *See Simplex*, 145 N.H. at 731-32. By restricting the application of *Simplex* to use variances, the court undermines the substantial strides we made to better safeguard the constitutional rights of all landowners and to more properly balance those rights against the necessity of zoning ordinances. *See id.* Unlike the majority, then, I do not believe that *Boccia* and *Simplex* can co-exist harmoniously; for the protections afforded in *Simplex* to have weight, I believe that case, alone, must govern all requests for variances.

Furthermore, distinguishing between use and area variances is illogical given RSA 674:33, I (b). That statute makes clear that a showing of unnecessary hardship is *always* required whenever a landowner applies for a variance, irrespective of the type of variance sought. RSA 674:33, I (b). Indeed, based upon the wording of the statute, we have long said that we will not distinguish between use and area variances. *See Ouimette v. City of Somersworth*, 119 N.H. 292, 295 (1979). As such, distinguishing between use and area variances, in my opinion, is both futile and impermissible. *See* RSA 674:33, I (b).

Finally, to permit zoning boards to distinguish between types of variances creates an *ad hoc* system of zoning, devoid of guidance for boards and predictability for landowners. I am concerned that the specific facts of each case will eventually lead to a limitless number of categories of variances, each provoking a different test for proving unnecessary hardship.

Because I disagree with the court's holding in *Boccia*, I believe *Simplex* properly controls the instant case. The first prong of the unnecessary hardship definition established in *Simplex* requires applicants to prove

that "a zoning restriction as applied to their property interferes with their reasonable use of the property, considering the unique setting of the property in its environment." *Simplex*, 145 N.H. at 732. Based upon the record, I would conclude that the evidence supports the trial court's ruling that the Shoplands satisfied the first prong of the unnecessary hardship definition. Although during the hearing in superior court, Edward Scovner, former vice-chairman of the ZBA, agreed that from his observations it would have been possible for the Shoplands to have located their home on another portion of their property, Russell Shopland testified concerning the specific conditions of the property that rendered the decision to build on the north side of the lot reasonable. *See Rancourt v. City of Manchester*, 149 N.H. 51, 54 (2003). To the east of the cottage is the lake, to the south is a brook flowing through the property, and to the west is a steep, thirty-five-foot slope that houses their septic system. These particular characteristics of the land itself rendered the Shoplands' decision to construct their addition on the north side of the property reasonable. *See id.*

As to the second and third prongs of the unnecessary hardship inquiry, I would conclude the Shoplands established that no fair and substantial relationship exists between the general purposes of the zoning ordinance and the specific restriction on their property, and that the variance would not injure the public or private rights of others. *See Simplex*, 145 N.H. at 732.

At the first ZBA hearing to consider the Shoplands' application for a variance, the minutes reflect that a member of the ZBA "asked Mr. Shopland why he couldn't go up another story. Mr. Shopland said that the building is on pylons and there is no sturdy foundation. [James] Taylor[, the Town's planning and zoning administrator,] said that *this addition is the most environmentally sound thing to do with this piece of property*." (Emphasis added.) Although the Town asserts that Taylor provided subsequent testimony at trial which effectively contradicted his statement proffered at the ZBA hearing, I do not agree with that characterization.

Accordingly, the superior court reasonably could have found "that the general purpose of the ordinance is not served by the specific restrictions on this property." The court also reasonably could have found that the public and private rights of others would be deleteriously affected by the alternative construction permitted by the ZBA, and could have concluded that those rights would not be appreciably injured by granting the variance. Thus, I would uphold the trial court's ruling that the existence of unnecessary hardship was supported by the evidence and was not erroneous.

For these reasons, therefore, respectfully, I dissent.

BROCK, C.J., retired, specially assigned under RSA 490:3, joins in the dissent.