**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0679, <u>Charles Cote & a. v. Town of Danville</u>, the court on November 8, 2017, issued the following order:**

Having considered the brief filed by the plaintiffs, Charles and Wanda Cote, the memorandum of law filed by the defendant, the Town of Danville (Town), the record submitted on appeal, and the oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The plaintiffs appeal an order of the Superior Court (<u>Schulman</u>, J.) upholding a decision of the Town's zoning board of adjustment (ZBA), relative to their administrative appeal of a zoning violation notice issued by the Town's selectboard (Board). We affirm.

The following facts are derived from either the trial court's order or the certified record. Because the parties have not provided a copy of the Town's zoning ordinance as part of the appellate record and because they do not argue that the trial court misquoted it, we rely upon the trial court's order for the language of the ordinance.

The plaintiffs' property is located within the Town's residential and agricultural zoning district. The Board determined that the plaintiffs' use of their property to sell dogs violated the Town's zoning ordinance. Thereafter, the plaintiffs appealed to the ZBA, which concluded that, although the sale of dogs that have been bred and raised on the property constitutes a "farm" use, the sale of dogs that have been imported to the property "solely for the purpose of retail or wholesale sale," constitutes an impermissible commercial use. On appeal, the plaintiffs argue that, in upholding the ZBA's decision, the trial court erred by construing the ordinance so as not to include within the scope of "farm uses" the importing of dogs for sale, and by not finding that they had established, as a matter of law, a valid nonconforming use of the property.

Judicial review in zoning appeals is limited. <u>Forster v. Town of Henniker</u>, 167 N.H. 745, 749 (2015). The ZBA's factual findings are deemed <u>prima</u> <u>facie</u> lawful and reasonable, and the trial court may not set aside the ZBA's decision absent errors of law unless it is persuaded, by the balance of probabilities on the evidence before it, that the decision is unlawful or unreasonable. <u>Id</u>.; <u>see</u> RSA 677:6 (2016). "The party seeking to set aside the ZBA decision in the superior court bears the burden of proof." <u>Kalil v. Town of Dummer Zoning Bd. of Adjustment</u>, 155 N.H. 307, 309 (2007).

In turn, we will uphold the trial court's decision unless the evidence does not support it or it is legally erroneous. Forster, 167 N.H. at 749. The interpretation of a zoning ordinance is a question of law, which we review de novo. Duffy v. City of Dover, 149 N.H. 178, 181 (2003). The burden to prove a lawful nonconforming use is on the party asserting that right. Dartmouth Corp. of Alpha Delta v. Town of Hanover, 169 N.H. 743, 751 (2017).

The trial court, in dicta, observed that RSA 21:34-a, II (Supp. 2016), which generally defines "farming" for purposes of New Hampshire statutes, includes the raising and breeding of dogs for sale, likening dogs to "livestock" under RSA 21:34-a, II(a)(4) and "domesticated . . . fur-bearing animals" under RSA 21:34-a, II(a)(9). Accordingly, the trial court affirmed the ZBA's determination that "breeding on site and selling animals" is an allowed farm use in the Town's "Residential/Agricultural Zone." Neither party disputes this portion of the trial court's order. We note, however, that the New Hampshire Department of Agriculture, Markets & Food, as amicus curiae, asserts that this reading of RSA 21:34-a, II could negatively impact several other New Hampshire statutes.

The trial court also affirmed the ZBA's determination that "the import and sale of animals . . . is not a customary farm occupation and not an allowed use in the Residential/Agricultural zone of town." The court reasoned that "[i]mporting puppies from the site at which they were born and raised, to a distant location and then kenneling them for a very short time until they can be sold is not farming. Rather, this is the activity of a dog retailer, such as a pet store." In so ruling, the trial court observed that "[t]he definition of farming in RSA 21:34-a, II requires the 'raising and sale' of animals, not merely the sale of animals." Although the court also noted that "the line between 'raising for sale' and 'importing for sale' is not always clear," and that "[b]ringing an animal to a farm for sale might . . . be a farming activity if it is done 'incident'" to other farming operations, it determined that the record supported the ZBA's finding that the plaintiffs had provided the ZBA with "virtually no information at all" concerning the specifics of their enterprise, such as how many puppies they had bred on-site over time, how long the puppies had spent on the property prior to sale, and the percentage of puppies that had been bred off-site. Thus, the trial court determined that "the ZBA's conclusion that the [plaintiffs'] dog importation and selling business was not incidental to a farming use is fully supported by the evidence in the certified record."

The trial court rejected the plaintiffs' argument that, pursuant to RSA 674:32-b (Supp. 2016), the importation for sale of puppies constituted the permissible modification of an agricultural use, namely, a historical dog-breeding business. Rejecting the premise of the argument, the court reasoned that the plaintiffs' business of importing and selling puppies "was not an agricultural use [at] all," and determined that the evidence supported the ZBA's

2

finding that they "were operating a retail or wholesale pet store, albeit in a bucolic setting."

The trial court likewise affirmed the ZBA's determination that the plaintiffs failed to meet their burden of proving that they had established a valid nonconforming use as a matter of law. Although the plaintiffs had asserted before the ZBA, in a conclusory fashion, that they "and their family have been selling animals on the property for fifty years," the trial court reasoned that they had failed to present "any actual facts from which the ZBA could have found a continuous dog selling business" from a time prior to the adoption of the relevant zoning provisions. The court observed that the ZBA had specifically provided the plaintiffs with several opportunities to present such evidence.

On appeal, the plaintiffs argue that both the ZBA and the trial court impermissibly read a limitation into the zoning ordinance requiring that any breeding and raising of dogs for sale must occur on the property to be deemed a farm use. According to the plaintiffs, this limitation is inconsistent with the language of the ordinance, with RSA 21:34-a, RSA 672:1 (Supp. 2016), RSA 674:32-a (2016), and RSA 674:32-b, and with evidence concerning their use of the property. Alternatively, they argue that the ZBA was compelled to find, on the evidence presented, that they had established a valid nonconforming use.

As the appealing parties, the plaintiffs have the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Even if we assume, without deciding, that the ZBA and the trial court correctly determined that the raising and breeding of dogs for sale is "a farm use," based upon our review of the well-reasoned remaining portions of the trial court's order, the plaintiffs' challenges to it, the relevant law, and the record submitted on appeal, we conclude that the plaintiffs have not demonstrated reversible error. See id.

Affirmed.

DALIANIS, C.J., and HICKS, LYNN, and HANTZ MARCONI, JJ., concurred.

**Eileen Fox,
Clerk**